NATHAN YELTON

V.

J. H. HANDLEY.

*Divorce — Alimony—Lien upon Personal Property — Replevin — Secs. 44, 45, Chap. 22, R. S.*

1. A court of equity has no power to make a decree for alimony a lien on personal property.

2. An execution under a decree for alimony can not be levied upon personal property which has been previously sold to a third person.

[Opinion filed May 25, 1888.]

Appeal from the Circuit Court of Edgar County; the Hon. C. B. Smith, Judge, presiding.

Mr. Henry S. Tanner, for appellant.

·There was no lien against the personal property of John W. Lewis until the execution was placed in the sheriff's hands; plaintiff therefore bought the horse in controversy free from any lien under the decree. A decree for the payment of money only, where no other act is required to be done, can not be made a lien on personal property. Sections 44 and 45, Chap. 22, Revised Statutes; Eames v. Germania Turn Verein, 74 Ill. 54; Karnes v. Harper, 48 Ill. 527.

Mr. Daniel B. Dechert, for appellee.

Pleasants, J. On the 28th or 29th of June, 1887, appellant bargained for a horse of John W. Lewis, for $130, and on the following day took possession, without notice of any adverse claim to or lien upon it. On the 2d of July appellee, who was sheriff of the county, received an execution, issued on the same day, against said Lewis, which he levied on said horse. Thereupon appellant brought this suit in replevin to recover it, in which he failed below.

It appears that the only warrant for this writ of execution was a decree of divorce against Lewis at the March term, 1887, of the Edgar Circuit Court, awarding to the complainant therein, for alimony, the sum of $400 per annum, to be paid in equal quarterly installments on the first day of April, July, October and January, respectively, declaring it a lien therefor on the real and personal property of the defendant, and authorizing execution in default of such payment, as upon a

judgment at law. It was for the second installment that the writ in question, under which appellee claimed, was issued.

The only question for our determination is whether this decree was a valid lien upon the horse in controversy. Since the statute neither itself declares nor authorizes the courts of equity to declare the lien of decrees in all possible cases, we think the lien, or the power of the court to declare it, must in every case depend upon the statute, and neither is to be ascertained or limited by reference to the general powers or practice of courts of chancery, independent of the statute. Every decree against any party must respect real estate, or require such party to pay money, or to perform some other act, or to refrain from performing some act, one or more or all of these, and the Legislature has made express provision as to the lien of each class.

Section 44 of the chancery act, Chap. 22, R. S., of itself makes every " decree for money " a lien on the " lands and tenements of the party against whom it is entered, to the same extent and under the same limitations as a judgment at law."

Section 45 provides that all decrees shall be a lien on all " real estate " respecting which they shall be made; and that " whenever, by any decree, any party to a suit in equity shall be required to perform any act other than the payment of money, or to refrain from performing any act, the court may, in such decree, order that the same shall be a lien upon the real or personal estate, or both, of such party, until such decree shall be fully complied with."

The decree here in question is for the payment of money only, and is therein ordered to be a lien for no other purpose than to secure and enforce such payment. It does not require the defendant to perform any other act or to refrain from performing any act. Thus it is of the c'ass which the statute itself expressly makes a lien on "lands and tenements," not including " personal estate," and is not of either class of which, and no other, the statute also expressly declares " the court may order" that it shall be a lien upon " personal estate."

A proper construction of these provisions, it seems to us, requires the application of the rule that *expressio unius exclusio alterius est.*

We therefore hold that power to so order, in such a decree, is absolutely withheld from the court. It follows that the attempt to exercise it is something more than mere error, or mistaken action within the scope of rightful power. That portion of this decree was inoperative. The execution came to the hands of the sheriff and was issued after the title to the horse and its possession had passed to appellant. It never was a lien of itself, and it derived no force from the decree.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*