## George K. Harris v. Margaret Harris.

1.  HUSBAND AND WIFE—*Trivial Differences Will Not Justify a Legal Separation.*—Mere incompatibility of temper, occasional ebullition of passion, trivial differences, or slight moral obliquities, will not justify a legal separation.

2.  SAME—*How Wife May Bar Her Right to Separate Maintenance.*— A wife may bar her right to a decree for separate maintenance by failure to perform her duties to her husband, or by misconduct on her part which contributes materially to the cause of separation.

3.  SAME—*Remedy of Wife Living Apart Without Her Fault.*—The statute provides that married women, who, without their fault, now live or hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their said husbands in the Circuit Court of the county where the husband resides, for a reasonable support and maintenance, while they so live or have so lived separate and apart; and in determining the amount to be allowed the court shall have reference to the condition of the parties in life at the place of residence of the husband, and the circumstances of the respective cases; and the court may grant allowance to enable the wife to prosecute her suit as in cases of divorce.

4.  EVIDENCE—*Preponderance Does Not Depend upon Number of Witnesses.*—The preponderance of the evidence does not necessarily depend upon the number of witnesses. Testimony is weighed, not counted.

5.  SAME—*Of What Occurred After Separation When Husband and Wife Met—For What Purposes Admissible.*—While evidence as to what occurred on certain visits which the husband made the wife after she left him may have no bearing on the main issue in the case, yet, upon the question of whether the husband was a suitable person to have the custody of the child, it is competent.

6.  SAME—*Having No Material Bearing upon Any Issue—When it Will Not be Ground for Reversal.*—Evidence having no material bearing upon any issue will not be ground for a reversal, if upon the competent evidence the decree should be affirmed.

7.  DIVORCE—*Motions for Allowance Under Statute Must be in Wife's Name.*—All motions for allowances under the statute concerning divorce and separate maintenance must be in the wife's name, and the allowance must be made to her and not to the parties whom she has employed. The court has no power to make an allowance in favor of such parties.

8.  SAME—*Allowance of Alimony Can Not be Made a Lien upon Personal Property.*—It is error for the court to make the allowance of alimony a lien upon the personal property of the defendant.

Harris v. Harris.

Bill for Separate Maintenance.—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in this court at the November term, 1902. Affirmed in part; reversed in part and remanded, with directions.

W. NAY BOGGESS, attorney for appellant.

Incompatibility of temper, occasional ebullitions of passion, trivial differences, or slight moral obliquities will not justify a separation. Johnson v. Johnson, 125 Ill. 515.

If the appellee was guilty of misconduct which materially contributed to produce the conditions complained of as justifying the separation, she is not without fault within the meaning of the statute. Anderson v. Anderson, 45 Ill. App. 170.

The right of allowance being in the wife, the decree of the Circuit Court should not be in favor of the solicitors, but should have followed the statute. To decree in favor of the solicitor is error. Anderson v. Steger, 173 Ill. 119; Lynch v. Lynch, 99 Ill. App. 459.

A court of equity has no power to create a lien on personalty. Secs. 44 and 45, Chap. 22, Revised Statutes; Eames v. Germania Turn Verein, 74 Ill. 54; Karnes v. Harper, 48 Ill. 527; Yelton v. Handley, 28 Ill. App. 640.

C. C. LeForgee and MARSHALL C. GRIFFIN, attorneys for appellee.

The preponderance of evidence does not necessarily depend upon the number of witnesses. Boylston v. Bain, 90 Ill. 288; Bridenthal v. Davidson, 61 Ill. 460.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was a bill by Margaret Harris, complainant, against her husband, George K. Harris, for separate maintenance. The cause was tried without a jury, upon bill, answer, replication and proof taken in open court. The court found the issues for the complainant and entered a decree giving her the custody of their two children and awarded her alimony at the rate of $30 per month. The younger of the two children, a nursing babe, has since died. The surviv-

ing child, a boy named Ralph, is now about four and a half years of age. The decree also awarded the solicitor of complainant $75 for his services and provided that execution should issue for its collection. The decree further provided that the allowance of alimony to the complainant should be a lien upon the confectionery store located at 256 North Main street, in Decatur, Macon county, Illinois. The store building was not owned by the defendant. The store, so called, consisted entirely of personal property, and was a place where a retail confectionery business was conducted by the defendant and his brother, Fred E. Harris. The defendant brings the case to this court by appeal.

It is contended that the decree should be reversed upon the merits of the case disclosed by the evidence. It is argued that the evidence is insufficient to justify the finding of the chancellor that the complainant is entitled to a separate maintenance. We have given due consideration to the well settled doctrine of this state that mere incompatibility of temper, occasional ebullition of passion, trivial differences, or slight moral obliquities will not justify a legal separation, and that a wife can bar her right to a decree for separate maintenance by failure to perform her duties to her husband, or by misconduct on her part which contributes materially to the cause of separation.

The parties to this suit were married at Galesburg, Illinois, March 16, 1897, where they continued to reside until April 1, 1900, when they moved to Decatur, Illinois, where they lived until their separation, which occurred February 24, 1902.

The grounds alleged as a justification for the separation are extreme and repeated cruelty and failure to furnish the complainant with the absolute necessities of life. The statute provides that married women, who, without their fault, now live or hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their said husbands in the Circuit Court of the county where the husband resides, for a reasonable support and maintenance, while

Harris v. Harris.

they so live or have so lived separate and apart; and in determining the amount to be allowed the court shall have reference to the condition of the parties in life at the place of residence of the husband, and the circumstances of the respective cases; and the court may grant allowance to enable the wife to prosecute her suit as in cases of divorce.

It is not claimed in argument that if the testimony of the complainant is true it fails to establish a case entitling her to relief under the statute. But it is said that her testimony, so far as it relates to the acts of cruelty complained of, is uncorroborated, and is explicitly denied by the defendant in every detail. Such is the state of record. But that does not call for a reversal of the finding of the chancellor; the rule of evidence is too well settled to need the citation of authorities, that the preponderance of the evidence does not necessarily depend upon the number of witnesses. Testimony is weighed, not counted. The chancellor saw the witnesses and had superior opportunities for determining their relative credibility. He believed and gave credence to the testimony of the complainant, and from an examination of the entire record we fail to see any reason why he should not have done so. It is insisted that if complainant's testimony is true she could very easily have had corroboratory proof. She was not beaten by her husband upon the public streets. He did not summon the neighbors to witness the acts of brutality testified to by the wife which she says were inflicted when they were alone in the solitude of the home. The fact that she did not exhibit the evidences of his misconduct, but bore her sadness and suffering in silence, does not militate against the truth of her testimony. It would serve no useful purpose, nor reflect any credit upon the defendant to detail the evidence, which is voluminous.

The evidence, however, tends to prove that the defendant was guilty of extreme and repeated cruelty toward the complainant, consisting of personal violence inflicted without provocation; that he refused to provide her with necessary wearing apparel to the extent that she had but

one suit of winter underwear in four years; that to provide herself with a wrap she was compelled to make one out of his old coat; that he refused to give her a paltry sum to pay for a church letter to enable her to join the church in Decatur, of the denomination with which she was affiliated at Galesburg at the time of her marriage; that he spoke disparagingly of the morality of the entire clergy; that he met every request she made for money to buy necessaries with profanity; that she was compelled to resort to the courts for money to pay her hospital expenses when she gave birth to her last child; that for over four years he denied her money enough to defray the traveling expenses of a visit to her relatives at Galesburg; that his general conduct toward her was anything but commendable.  The conduct of defendant is sought to be excused or explained on the theory that the complainant sustained improper relations with one Beard, a young man who clerked in a store in the vicinity where the parties resided.  The evidence fails to show any improper relations between Beard and the complainant.  After the commencement of this suit the undisputed evidence shows that the defendant stated to his wife that he did not believe that the relations between her and Beard were improper.  The trial court was justified in finding that the defendant was guilty of extreme and repeated cruelty toward the complainant and the withholding from her the support she was entitled to and which he was able to provide, and that her separation was without fault on her part.  The decree should be affirmed upon the merits of the case.

It is urged that the court erred in admitting certain testimony offered by complainant and admitted by the court over the objection of the defendant.  The testimony was in regard to what occurred on certain visits which the defendant made the complainant after she left him.  While a cause of action must exist at the time of the separation, and while what thereafter occurred might have no bearing upon the main issue in the case, yet, upon the question of whether the defendant was a suitable person to have the

Harris v. Harris.

custody of the child, we think it was competent. But if it had no material bearing upon any issue it would not be a ground for a reversal of the decree, if upon the competent evidence the decree should be affirmed.

We agree with counsel for the defendant that the court erred in decreeing fees to the solicitor. The allowance should have been to the complainant. In Anderson v. Steger, 173 Ill. 112, the court said:

"The allowance which the court may grant the wife in suits for divorce and separate maintenance is designed to meet all just and reasonable expenses which she may incur, including solicitor's fees; but such fees are on no different footing from other proper expenses. All motions for allowance under the statute concerning divorce and separate maintenance must be in the wife's name, and the allowance must be made to her and not to the parties whom she has employed, and the court has no power to make an allowance in favor of such parties."

And upon the authority of Yelton v. Handley, 28 Ill. App. 640, we hold that the court erred in making the allowance of alimony a lien upon the personal property of the defendant. Moreover, the evidence shows that the store in question, upon which the lien was extended by the terms of the decree, was owned by the defendant and his brother, Fred E. Harris, as equal copartner. Independent of other considerations the court would be void of authority to extend a lien upon the property of Fred E. Harris.

For the reasons indicated the decree of the Circuit Court will be reversed in so far as it awards fees to the solicitor of the complainant and in so far as it declared a lien upon the store located at 256 North Main street, Decatur, Macon county, Illinois, and in all other respects the decree will be affirmed.

The cause is remanded to the Circuit Court with directions to enter a decree in conformity with the views expressed in this opinion. The appellant is adjudged to pay the costs of this court.

Decree affirmed in part; reversed in part and remanded, with directions.