JOHN TIVAS, J. CARL LAMBDIN, and OSMOND R. BIE, v.
ANNA M. TIVAS

196 So. 175
Division B
Opinion Filed May 7, 1940
Rehearing Denied May 31, 1940

*Osmond Bie* and *J. Carl Lambdin,* for Petitioners;
*Clair A. Davis,* for Respondent.

PER CURIAM.—This case is very closely connected with
Tivas v. Tivas, filed March 8, 1940, arising out of approx-
imately the same set of facts.

John Tivas filed bill of complaint against Anna Tivas,
his wife, and Forrest Hoffman, former attorney for Tivas,
alleging, *inter alia,* that his wife had deserted him; that he
had employed Hoffman as his attorney to represent him in
a property settlement his wife was demanding; that on the
advice of counsel he deeded certain homestead property to
his wife and placed $1,300 in the hands of Hoffman to be
used in such settlement; that he paid Hoffman $250 of the
$1,300 for his services; that the $1,300, together with the
papers and deeds he had signed are now in the hands of

Hoffman; and plaintiff prays that Hoffman be required to return the papers and money to him.

After answer was filed by Anna Tivas, motion to dimsiss her as party defendant was filed on the grounds that "by the bill of complaint herein filed plaintiff sought no relief from said defendant, but sought relief only from the defendant, Forrest Hoffman; and further that the said Anna M. Tivas, by her answer filed herein has asserted no claim whatsoever against plaintiff in the way of asking for affirmative relief."

The day after motion to dismiss was filed Anna Tivas filed an amended answer and counterclaim, praying for affirmative relief in that "upon final hearing said sum of money held by Forest Hoffman over and above the sum of two hundred and fifty ($250.00) claimed by him be ordered turned over unto the registry of this Court and according to the Court's order to be entered be paid to this defendant in compliance by the decree in chancery" in the case of Tivas v. Tivas, *supra*.

Motion to strike and motion to dismiss answer and counterclaim and amended answer and counterclaim were filed. Subsequently, J. Carl Lambdin and Osmond R. Bie, attorneys for plaintiff, filed petition to intervene in order to set up their lien and interest in the fund then in the hands of Hoffman, such interest arising through an agreement in writing between the attorneys and plaintiff assigning to Lambdin and Bie Tivas' interest in the fund in lieu of the payment of a fee.

By interlocutory certiorari we have for review the order denying the motion to strike and to dismiss amended answer and counterclaim of defendant Anna Tivas.

The counterclaim and prayer for affirmative relief was filed one day after the motion to dismiss. If the allegations of the counterclaim are insufficient as a basis for affirmative

relief, error was committed when dismissal was refused. Marshall v. Krantz, 93 Fla. 730, 113 So. 110.

In the case of Tivas v. Tivas, *supra,* Anna Tivas had obtained a final decree in the Circuit Court of Pinellas County awarding her $15.00 per week for separate maintenance. Since the entry of that decree, John Tivas has returned to his former home in a northern state, thereby removing himself from the jurisdiction of that court. Anna Tivas is attempting to obtain part of the $1,300 in controversy under the decree awarding her $15.00 per week, her contention being that John Tivas and all his property is out of the state and this fund is the only source from which she may ever be able to obtain any money.

In Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638, in which it was held that a decree granting permanent alimony does not create a specific lien on the husband's real estate unless so provided by statute. Mr. Justice BUFORD, speaking for the court, said:

"A decree for permanent alimony is not one which may be paid off and discharged. It runs in installments so long as both parties are living unless vacated by order of court of competent jurisdiction. Therefore it is impossible to determine what amount of money will be required to meet the exigencies of the decree. It is clear that execution would not issue upon a decree like the one before the Court at this time, and the only way by which an execution would be procurable would be for the claimant under the decree to petition the court for an adjudication against the person against whom the decree was rendered for default in payment of the installments and for an adjudication fixing the amount then due and payable under the terms of the decree and for an order for execution to issue for such specific amount."

This part of the Dickenson opinion was quoted by Mr.

Justice BROWN in Gaffny v. Gaffny, 129 Fla. 194, 176 So. 68, 70, after which the opinion states:

"While, as is argued, the foregoing quotation from the opinion might not have been absolutely necessary to the decision of that particular case, it was pertinent to a discussion of the question involved, was concurred in by all the members of this Court, and we now adhere to and apply to this case the enunciation therein made as to the power of the trial court to adjudicate the amount of alimony in' arrears, render judgment therefore, and order the issuance of execution. * * *"

In Hunter v. Hunter, 121 Ill. App. 380, it was held that a court of equity has no power to make a decree for alimony a lien upon personal property. See also: Griswold v. Griswold, 111 Ill. App. 269; Gelton v. Handley, 28 Ill. App. 540; Harris v. Harris, 109 Ill. App. 148.

The answer and counterclaim do not show such facts as are sufficient to constitute an equitable lien on the property, nor are the allegations such that they may be used as a basis for the issuance of a writ or for some other form of affirmative relief. The order of the court denying the dismissal of the answer and counterclaim, and of Anna Tivas as a party defendant was error, and such order is hereby quashed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.