### In re FOSTER.

(Supreme Court, Special Term, Erie County. February, 1908.)

INTOXICATING LIQUORS — LOCAL OPTION—ELECTIONS—APPLICATION FOR—SUFFICIENCY—STATUTORY PROVISIONS.

Where the posted and published notice of submission of local option questions, under section 16 of the liquor tax law (Laws 1896, p. 57, c. 112), relating to notice of the submission of such questions at a town meeting, merely contained the questions, and did not set forth, as required by the law, that they would be voted for or make any reference to the election, it was insufficient, since the law contemplates a formal notice stating, substantially in the language thereof, that the questions would be voted for.

Application for a resubmission of local option questions originally submitted on application of Frank L. Foster for a special election under section 16 of the liquor tax law (Laws 1896, p. 57, c. 112). Application for resubmission granted.

Watson & Watson, for petitioner.
Daniel Reed, for State Commissioner of Excise.
J. B. Scoville, for interveners.

POUND, J. The provisions of section 16 of the liquor tax law in reference to notice of the submission of these questions at the town meeting were not literally complied with by the town clerk, as no notice that the local option questions would be voted on at the town meeting was published or posted by him. Instead, he merely published and posted the questions themselves, without setting forth the fact that they would be voted on, or making any reference to the election.

The Appellate Division, Fourth Department, in Matter of Town of La Fayette, 105 App. Div. 25, 93 N. Y. Supp. 534, held that a total failure to publish such notice rendered the submission illegal and improper. Justice Williams in the opinion says: "A failure to comply with these provisions [relative to notice] ought to render the submission illegal and improper," and is a sufficient reason for ordering the

resubmission of the same. He also points out that in People ex rel. Crane v. Chandler, 41 App. Div. 178, 58 N. Y. Supp. 794, the merits were not necessarily considered, that the case went off on remedial questions merely, and that the discussion of the merits as to the sufficiency of the notice was wholly superfluous. The latter case can no longer be regarded as authority for holding that actual notice to the electors, though informal, may be sufficient.

The decision in the La Fayette Case contemplates a formal notice to be given by the clerk, stating, substantially in the language of the statute, that said questions "will be voted on," etc. It is plain that there has been no compliance with the law governing notice in this case. The State Commissioner of Excise concedes that because of such noncompliance sufficient reason is shown for ordering that said propositions be submitted at a special town meeting, duly called, as provided by section 16 of the liquor tax law (Laws 1896, p. 57, c. 112); and it so appears to me.

So ordered.