E. R. Dickenson, John C. Sharpe and E. L. Bryan, *Appellants*, v. Tallulah Sharpe, *Appellee.*

Division B.

Opinion Filed June 16, 1927.

*A. C. Brooks* and *E. L. Bryan,* for Appellants;

*O. P. Hilburn* and *S. S. Sandford,* for Appellee.

BUFORD, J.—In this case Dickenson filed his bill to foreclose a certain mortgage making as parties defendant John C. Sharpe, E. L. Bryan and Tallulah Sharpe, alleging that Tallulah Sharpe had previously been the wife of John C. Sharpe, John C. Sharpe had filed a bill for divorce against Tallulah Sharpe. The bill was dismissed but a decree was entered granting Tallulah Sharpe $50.00 per month as permanent alimony and $100.00 as solicitor's fees. Prior to the marriage to Tallulah Sharpe, John C. Sharpe had executed one of the mortgages sought to be foreclosed and subsequent to such marriage he, joined by Tallulah Sharpe, executed the other mortgage sought to be foreclosed. The decree allowing Tallulah Sharpe $50.00 per month alimony appears to have been entered on July 3rd, 1924, and on August 7th, 1925, John C. Sharpe sold and conveyed to E. L. Bryan the property described in the mortgage, subject to the mortgage. The defendant Tallulah Sharpe filed answer to the bill and when same was stricken, filed an amended answer. In her amended answer she prayed for affirmative relief setting up the alimony decree referred to and claimed that it was a valid and binding judgment and decree and a valid and subsisting lien upon the property in litigation and prayed a decree subrogating her rights to the rights of the complainant under the mortgages for all sums paid for principal, interest, taxes and expenses and that when same should be determined she be entitled to receive out of the proceeds of any sale of the said property the amount due under and by virtue of the decree for alimony and solicitor's fees as a lien against the property after the said mortgages should have been paid. To this answer in the nature of a cross bill E. L. Bryan filed his demurrer on the following grounds:

"1. The said Cross Bill fails to set forth any legal or

equitable reason or cause of action wherein and whereby the Court would be justified in holding that the alleged alimony decree in favor of Tallulah Sharpe against John C. Sharpe is a valid and subsisting lien against the property described in the mortgages being foreclosed by E. R. Dickenson or any reason either legal or equitable why any sum of money realized from the sale of the said property in excess of the amount necessary to justify said mortgages should be applied to the said alleged alimony decree.

2. The said alleged alimony decree being current or running decree requiring the said John C. Sharpe to pay to the said Tallulah Sharpe alimony at the rate of $50.00 per month is not a valid and subsisting lien against the property described in the mortgages being foreclosed.

3. The said alleged alimony decree not being a decree for a specific amount and not having been made the Order and Judgment of the Court for a specific and definite amount so that the Clerk could issue an execution for a specific and definite amount can not possibly be held to be a lien against the property described in the mortgages being foreclosed.

4. The said alleged alimony decree can not be held to be a lien against the property described in the said mortgages because the same being a current or running decree of $50.00 per month it would take outside or extrinsic evidence submitted to and passed upon by the Court to determine the amount due thereon and it would be necessary for the Court to take the testimony in order to determine the amount due and it would be necessary for the Court to enter an Order based upon such testimony finding a specific and definite amount due and order the Clerk to issue an execution for such amount before the said decree could be made a valid and binding judgment which would constitute a lien upon the property described in the

mortgages being foreclosed and in order to effect the rights of the defendant in the premises it would have been necessary that the said judgment be entered by the Court prior to the acquisition of title by this defendant.

5. This defendant demurs to so much of the prayer of said cross bill as prays for subrogation for all sums paid for interest, taxes and other expenses by the said Tallulah Sharpe upon the ground that there is no allegation in said cross bill entitling the said cross complainant to subrogation.''

Bryan also filed his answer, as follows:

''First: This defendant denies that the alleged alimony decree in favor of the said Tallulah Sharpe, against the said John C. Sharpe is a valid and subsisting lien against the property described in the mortgage being foreclosed by E. R. Dickenson in his main bill.

Second: This defendant denies the right of the said cross complainant to subrogation as prayed for in her said bill.''

Upon hearing, the Court made an order overruling the demurrer and from this order appeal was taken.

The question raised is whether or not a decree for permanent alimony when filed as required by law constitutes a lien on the real estate of the husband against whom such decree is rendered. It appears to be well settled that a decree granting permanent alimony does not become a specific lien on the husband's real estate unless so provided by statute. 4 Cyc. 783; Augustine Scott *et al.* v. Eva G. Scott, 80 Kans. 489, 103 Pacific 1005; Perkins v. Perkins, 16 Mich. 162, 14 Cyc. 783 and cases there cited; 19 C. J. 313 and cases there cited.

We have two statutes in Florida which must be construed in connection with this matter. Sec. 2802, Rev. Gen. Statutes of Fla. provides as follows:

"Every judgment at law (and decree in equity) which shall be entered in any of the Circuit Courts of this State shall create a lien and be binding upon the real estate of the defendant in the county where rendered."

And, if we had no other statute it might be well assumed that it was the legislative intent to include in the provisions of this section decrees for permanent alimony and thereby establish a lien upon the husband's property which could never be discharged and which would have the effect of making it impossible for one against whom such a decree was entered to sell and dispose of his real estate and convey the same free from all encumbrances. A decree for permanent alimony is not one which may be paid off and discharged. It runs in installments so long as both parties are living unless vacated by order of court of competent jurisdiction. Therefore, it is impossible to determine what amount of money will be required to meet the exigencies of the decree. It is clear that execution would not issue upon a decree like the one before the Court at this time and the only way by which an execution would be procurable would be for the claimant under the decree to petition the court for an adjudication against the person against whom the decree was rendered for default in payment of the installments and for an adjudication fixing the amount then due and payable under the terms of the decree and for an order for execution to issue for such specific amount.

There are, however, other sections of our statutes which will serve to clarify the matter. Sections 3195 and 3196, Rev. Gen Statutes of Fla., provide the authority for granting of alimony in divorce suits. It appears that alimony in the suit referred to in this case was granted under provisions of Section 3196, Rev. Gen. Statutes of Fla. Section 3198, Rev. Gen. Statutes of Fla., is as follows:

"Effect of Decree of Alimony. A decree of alimony

granted under Sections 3195 and 3196 shall release the wife from the control of her husband, and she may use her alimony and acquire, use and dispose of other property, uncontrolled by her husband; and when the husband is about to remove himself or his property out of the State, or fraudulently convey or conceal it, the court may award a *ne exeat* or injunction against him or his property, and make such order or decree as will secure the wife's alimony to her.''

This section of the statutes appears to be a legislative construction to the effect that decrees for permanent alimony do not constitute a lien upon the property of the husband against whom such decree is rendered and to provide a specific method for reaching the property of the husband in cases where it is necessary to resort to a subjection of the property to enforce the compliance with the terms of the decree. We hold that Section 2802, Rev. Gen. Statutes of Fla., applies to judgments and decrees in which the total indebtedness adjudged or decreed is fixed in such judgment or decree and that it should not be construed to apply to decrees for permanent alimony, the amount necessary to fully satisfy and discharge which can never be ascertained nor fixed by the court or the parties and which does not require the payment of the amount named in the decree except upon the condition that both parties be living on stated future dates. The demurrer to the answer in the nature of a cross bill should have been sustained. The order of the Chancellor should be reversed with directions for further proceedings not inconsistent with this opinion, and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.