Susan E. Fuller *vs.* Charles H. Fuller.

DECEMBER 30, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

Rathbun, J. This is a petition which was recently filed in the Superior Court praying for an increase in the amount of alimony awarded the petitioner in 1898 by decree of the Appellate Division of the Supreme Court granting to petitioner an absolute divorce from the respondent and awarding her alimony in the sum of $4,500 *per annum* for and during the remainder of her lifetime.

The petition is based on Section 5 of Chapter 291 of the General Laws of 1923. Said section provides that any decree for alimony whether "entered before or after April nineteen, nineteen hundred seventeen, ordering payment of alimony in any fixed sum or sums either indefinitely or for a certain period may for sufficient cause at any time be altered, amended and annulled by said court, after notice to the parties interested therein". The statute in force

regulating decrees for alimony at the time the decree in question was entered contained no language expressly conferring jurisdiction to alter, amend or annul a decree for alimony after the time for petitioning for a new trial had elapsed. See Sec. 5, Chap. 195, G. L. 1896. By a demurrer to the petition the constitutionality of Section 5 of said Chapter 291, upon which the petitioner relies, was brought in question upon the record, and the Superior Court, as required by Section 1, Chap. 348, G. L. 1923, certified the question to this court to be heard and determined.

The question raised is whether Section 5 of Chapter 291 of the General Laws of 1923, in so far as said section purports to confer upon the Superior Court jurisdiction to alter, amend and annul a decree for alimony entered before the enactment of said section, violates the provisions of Section I of Article XIV of the Amendments to the Constitution of the United States by depriving the respondent of property without due process of law.

The respondent contends that the question as to how much he should be required to pay to the petitioner as alimony is *res judicata;* that, as at the time the decree in question was entered the law did not permit decrees for alimony to be altered, amended or annulled and as the court did not retain jurisdiction of the subject matter by inserting in the decree words to the effect that the payments must be made "until further order of the court,"—see *Spooner* v. *Spooner*, 119 A. 162—the decree fixing the amount of alimony became a finality, when the time for petitioning for a new trial had expired, and had the effect of a judgment against him which the court could neither increase nor diminish and that a statute adopted thereafter, purporting to give jurisdiction to so amend said decree as to require him to pay an additional amount as alimony, is unconstitutional and void for the reason that said statute authorizes the taking of the respondent's property without due process of law.

In *Livingston* v. *Livingston*, 173 N. Y. 377, a wife obtained a final decree for absolute divorce. The decree granted her alimony payable annually and contained no reservation of jurisdiction. The statute in force at the time contained no provision for modifying decrees for alimony. A subsequent legislative enactment provided that the court may "annul, vary or modify" decrees for alimony "whether heretofore or hereafter rendered". Thereafter, upon application of the husband, the trial court modified the decree for alimony by reducing the amount which the decree ordered the husband to pay. The Court of Appeals in reversing the trial court held that the original decree for alimony created substantial rights constituting property in the divorced wife; that the enactment permitting such reduction authorized the taking of property without due process of law and was for that reason unconstitutional and void.

In the case before us the petitioner challenges the respondent's premise that the law at the time the decree in question was entered did not permit the altering, amending and annulling of decrees for alimony.

She contends, first, that the right at all times to regulate alimony by increasing or reducing the amount to be paid was inherent in the court; second, that the statute in force in 1898 when the decree in question was entered was broad enough in its scope to permit the court at any time to amend the decree for alimony and, hence, that the decree never became a finality and conferred no vested rights upon either party.

As to the first contention it is sufficient to say that in this State, as well as in many other jurisdictions in this country, jurisdiction to award alimony is purely statutory. *Leckney* v. *Leckney*, 26 R. I. 441; *Sammis* v. *Medbury*, 14 R. I. 214; *Enos* v. *Enos*, 44 R. I. 450.

We will now consider the petitioner's second contention. The statute conferring jurisdiction to enter decrees for alimony in force at the time the decree was entered was Section 5, Chap. 195, G. L. 1896, the relevant portion of

which provides as follows: "Whenever a divorce is granted for fault on the part of the husband, the wife shall have dower as if the husband were dead; but such dower shall be claimed on proceedings begun within six months after the absolute decree, and, if not claimed within said period, or if claim be made for alimony within said period, then dower shall be deemed to be waived and released, and the only relief of the wife shall be a claim for alimony chargeable upon the estate of the husband, or some specific portion thereof, as the court may decree . . ." The petitioner argues that since under said section the court could at any time, in the absence of laches and waiver, decree alimony to a wife who had been granted a divorce, provided dower has been waived,—see *Wilford* v. *Wilford*, 38 R. I. 55—the court by virtue of said section had jurisdiction at all times thereafter to modify the decree for alimony by reducing or increasing the amount. The language is, "and the only relief of the wife shall be a claim for alimony . . . as the court may decree". We are unable to construe the statute to mean the same as it would if the language was "as the court may from *time to time* decree." In *Sammis* v. *Medbury, supra,* and in *Sampson* v. *Sampson,* 16 R. I. 456, it was held "that a decree for alimony in case of divorce *a vinculo,* made without reserve, is final, and cannot be changed after the expiration of the term or the time within which a new trial may be had." The statute in force authorizing decrees for alimony at the time the *Sammis* case and the *Sampson* case were decided was Sections 8 and 9, Chap. 167, G. L. 1882, the material portion of which was as follows: "In such case the wife shall also be allowed out of real or personal estate of the husband or out of both, such alimony as the court shall think reasonable." While the verbiage is different from that in the 1896 revision the two statutes, so far as the point in question is involved, do not appear to differ materially.

It can not be questioned that the decree in the case before us was a judgment. In *Sammis* v. *Medbury, supra,* the-

court said: "When alimony has once been decreed, without reserve, under the statute, it must remain permanently as decreed, unless the statute provides for a subsequent modification, the decree being a judgment of court and having the same finality as other judgments." The only distinction between *Livingston* v. *Livingston, supra,* and the case before us is that in the *Livingston* case there was an attempt to interfere with the rights of the wife by reducing the amount of the judgment in her favor, whereas, in the case before us the wife is attempting to invade the rights of the husband by increasing the amount of the judgment against him. The rights of the defendant under a final judgment are just as fixed and sacred as those of the plaintiff; both have vested rights which can not be taken away by authority of later legislation. 12 C. J. 986.

We are not unmindful of the rule that a solemn act of the legislature should not be lightly set aside and that courts will, if reasonably possible, so construe a statute as to avoid pronouncing it invalid. However, for the reasons already set forth, we are compelled to arrive at the decision, and we so decide, that Section 5 of Chapter 291 of the General Laws of 1923, in so far as said section purports to confer jurisdiction to alter, amend and annul a decree for alimony entered before the original adoption of said section, *i. e.,* 1917, violates the due process clause of Section I of Article XIV of the Amendments to the Constitution of the United States and is therefore unconstitutional and void.

The papers in the case with our decision certified thereon are ordered sent back to the Superior Court for further proceedings.

*Henshaw, Lindemuth & Baker,* for petitioner.

*Hinckley, Allen, Tillinghast & Phillips, Abbott Phillips, W. Harold Hoffman,* for respondent.