JOHN F. GAFFNY v. BLANCHE E. GAFFNY.

176 So. 68.

Opinion Filed July 19, 1937.

Rehearing Denied September 15, 1937.

*Gordon R. Broome,* for Appellant;

*J. Aron Abbott,* for Appellee.

BROWN, J.—This appeal involves the question as to whether or not a court of equity may adjudicate the amount of alimony in arrears, which alimony was ordered to be paid in installments under a previous final decree of divorce, and enter judgment for the amount of such arrearages and order execution to issue thereon.

There are other questions presented and argued, but we deem the above to be the only question in the case which need detain us.

On January 18, 1935, appellee, Blanche E. Gaffny, obtained a final decree of divorce against the appellant, John F. Gaffny, in the Circuit Court for Dade County. In that decree, it was ·adjudged and decreed that the defendant therein "do henceforth, until further order of this court, pay to the plaintiff, Blanche E. Gaffny, the sum of $15.00 per week, each week, as alimony." It was also ordered that the plaintiff's maiden name of Blanche E. Marshall be restored to her. No appeal was taken from that decree within the six months period allowed by law.

On August 5, 1935, appellee, who was the plaintiff in the divorce action, filed a petition in said court for a rule to the

defendant to show cause why he should not be punished for contempt for failure to pay alimony to the plaintiff in accordance with said decree, and an order *nisi* was issued in accordance with the petition, but no final action was taken thereon.

On October 12, 1935, another petition for an order to be issued to the defendant to show cause why he should not be adjudged in contempt of the court for failure to obey the alimony provision of said final decree was filed, and an order to show cause issued thereon. The defendant filed an answer to the rule to show cause, and also a petition to reduce the amount of alimony provided in said decree, or to cancel the same entirely. Testimony was taken before the Circuit Judge on both petitions. The testimony of the plaintiff tended to show that the defendant was able to pay the $15.00 per week as decreed, whereas the testimony of the defendant, who meanwhile had remarried, tended to show that he was not able to pay any alimony at all, or if any, a very small amount. On December 12, 1935, the Circuit Judge made an order, which was duly entered, in which it was recited that the Court had heard the testimony of the parties and their respective witnesses, and argument of counsel, which order adjudicated that the aggregate amount of alimony in arrears, due under said final decree of January 18, 1935, amounted at the time of said order to the sum of $238.00; that the award of alimony theretofore made by the court appeared to be just and equitable in consideration of all the circumstances of the parties, the necessities of the plaintiff, and the ability of the defendant, wherefore it was ordered, adjudged and decreed that the defendant's petition to reduce or cancel alimony be denied, and that judgment "be and it is hereby entered in favor of the plaintiff, Blanche E. Gaffny, and against the defendant, John F. Gaffny, for

the sum of $238.00, and that the said Blanche E. Gaffny to have and recover of and from the defendant, John F. Gaffny, the sum of $238.00, for which let execution issue."

On December 13, 1935, the defendant in said cause filed notice of entry of appeal from said order of December 12, 1935, and also from that part of the final decree entered on January 18, 1935, as to the payment of permanent alimony by the defendant, which appeal was made returnable March 10, 1936.

In so far as the said entry of appeal attempted to take an appeal from any part of the final decree rendered about eleven months before the attempt to appeal therefrom was made, the entry of appeal is futile and nugatory. We cannot concur in appellant's earnest argument that the six months limitation does not apply to the alimony provision of the decree. We will therefore only consider the appeal in so far as it relates to said later order of. December 12, 1935. While under the statute the appellant had no right to appeal from said final decree unless he did so within the six months period allowed by the statute, the court had the power, both under its decree retaining jurisdiction with reference to the matter of alimony, and under Chapter 16780 of the Acts of 1935, to modify the provision with reference to the payment of alimony if the circumstances of the parties or the financial ability of the husband should have so changed since the rendition of such decree as to justify such modification, after giving both parties an opportunity to be heard and to introduce evidence relevant to the issue.

It might be observed that the order of December 12, 1935, did not change the award of alimony which had been made by the court in the final decree rendered Jnauary 18, 1935. Thus, that decree was left unchanged and undisturbed.

The order merely denied the defendant's petition to reduce or cancel alimony, adjudicated the amount of alimony in arrears, and entered judgment therefor, with order for execution to issue.

If, as contended by appellant, said alimony decree of January 18, 1935, was procured by fraud and without notice to appellant, as to which contention his testimony was not at all convincing, it is clear that said final decree cannot be attacked and set aside as being invalid in any respect on a mere motion for a reduction or cancellation of the permanent alimony. The appellant took no appeal from that decree within the time allowed by law, and paid alimony thereunder, apparently without objection, for a period of about seven months. Furthermore, the appellant's remarriage, and his petition to *reduce* the amount of permanent alimony, amount to an acknowledgment of the validity of the decree as originally rendered. If the alimony decree was procured by fraud and without proper notice to appellant, equity afforded him a remedy for the impeachment of said decree. So, none of the four questions propounded by appellant in his brief requires any discussion except the third question, which refers to the power of the court, *vel non,* to enter a judgment for alimony in arrears and award execution therefor.

In the case of Duss v. Duss, 92 Fla. 1081, 111 So. 382, this court speaking through Mr. Justice STRUM, said:

"When considering this question it should always be borne in mind that there is a marked distinction between permanent alimony decreed upon a dissolution of the marriage relation, and an allowance *pendente lite* of temporary alimony. In respect to the latter the parties stand before the court in the continued relation to each other of husband and wife; but in respect to alimony allowed and to be paid

after divorce from the bonds of matrimony, they stand before the court in such a status that the legal liability of the divorced husband to pay the permanent alimony is in the nature of an obligation or duty to a stranger. See Craige v. Craige, 45 N. E. Rep. 153."

And in the case of Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638, in which it was held that a decree granting permanent alimony does not create a specific lien on the husband's real estate unless so provided by statute, Mr. Justice BUFORD, in writing the opinion of the Court, had this to say:

"A decree for permanent alimony is not one which may be paid off and discharged. It runs in installments so long as both parties are living unless vacated by order of a court of competent jurisdiction. Therefore, it is impossible to determine what amount of money will be required to meet the exigencies of the decree. It is clear that execution would not issue upon a decree like the one before the Court at this time, and the only way by which an execution would be procurable would be for the claimant under the decree to petition the court for an adjudication against the person against whom the decree was rendered for default in payment of the installments and for an adjudication fixing the amount then due and payable under the terms of the decree and for an order for execution to issue for such specific amount."

While, as is argued, the foregoing quotation from the opinion might not have been absolutely necessary to the decision of that particular case, it was pertinent to a discussion of the question involved, was concurred in by all members of this Court, and we now adhere to and apply to this case the enunciation therein made as to the power of the trial court to adjudicate the amount of alimony in arrears, render judgment therefor and order the issuance of

execution. Furthermore, this enunciation appears to be well supported by the authorities. See I R. C. L. 951-953, and 19 C. J. 309, and cases cited. Nor is this holding inconsistent with our statutes. Indeed, it comes within the broad intent of the last clause of Section 4990 C. G. L. That clause provides that when the husband is about to remove himself or his property out of the State, or fraudulently convey or conceal it, the court may award *ne exeat* or injunction against him or his property "and make such order or decree as will secure the wife's alimony to her."

In I R. C. L., at page 948, it is said:

"The application for an alteration or modification of the decree is always addressed to the judicial discretion of the chancellor, and ordinarily, in the absence of fraud in its procurement, the only inquiry is whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance. Authority to modify the allowance, however, does not include the right to alter the award upon the state of the case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree seemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter, or modify a decree for alimony upon the facts existing at the time of its entry."

The order of December 12, 1935, here appealed from, will accordingly be affirmed; but, in view of the lapse of time, with leave to the trial court to entertain and act upon any motion or petition that might seasonably be made by appellant to set aside or modify said order and rehear said

petition, with such proper amendments as the court may allow, at least in so far as said petition sought a reduction of the amount of the weekly installments of alimony provided for in the final decree of divorce, if it be made to appear to the court that changes have taken place, since December 12, 1935, in the circumstances and conditions affecting the needs of the appellee, and the ability of the appellant to pay which equitably require a change in or modification of such order; and after due notice to appellee and an oppotrunity to both parties to be heard, the trial court is authorized to make such further order, if any be deemed necessary, as may be just, equitable and lawful under such changed facts and circumstances, if any as may be shown on such rehearing to have taken place, if such rehearing be duly applied for and granted as hereinabove provided; otherwise the order appealed from will stand affirmed *in toto*.

Affirmed and remanded with directions.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.