PHILIP F. KENNARD v. SARAH E. KENNARD.

179 So. 660.

Opinion Filed February 16, 1938.

Rehearing Denied March 29, 1938.

*D. C. McMullen,* for Appellant;
*Whitaker Brothers,* for Appellee.

CHAPMAN, J.—On appeal to this Court it has been made to appear that on January 20, 1928, the Circuit Court of Hillsborough County, Florida, entered a decree of divorce in behalf of Sarah E. Kennard against Philip F. Kennard, and the said final decree awarded the custody of their two minor children to the plaintiff and required the defendant to pay to the plaintiff $125.00 per month for support and maintenance of the children. On April 13, 1931, defendant below, appellant here, by petition asked for a modification of the final decree dated January 20, 1928. On May 4, 1931, plaintiff below, appellee here, filed her petition for a rule *nisi* against the defendant, and on August 1, 1932, the Chancellor adjudged defendant to be in arrears on alimony in the amount of $1,317.00. On October 2, 1934, the court entered its order adjudging the defendant to be in arrears on alimony under the original decree in the sum of $3,-787.00.

On January 6, 1936, defendant below, appellant here, filed his petition for a modification of the final decree and a motion to dismiss the same was sustained by the court on February 20, 1936. Other hearings between the parties were had, when on January 17, 1936, the court entered its order modifying the final decree dated January 17, 1928, by relieving defendant below from the payment of alimony for the support of Evelyn Kennard because she was 21 years of age, and the final decree dated January 20, 1928, was further modified by requiring defendant to pay $75.00 per month during the school months and $50.00 per month during vacation months for the support of his daughter, Margaret Kennard, 18 years of age.

The decree dated July 17, 1936, recited the amount due by appellant, defendant below, on account of the order and final decree dated January 20, 1928, to be in the sum of $4,587.00 until February 1, 1936. An appeal from said final decree dated July 17, 1936, was taken to this Court and two assignments of error presented for reversal of the decree appealed from.

The order of July 17, 1936, modified the final decree dated January 20, 1928, by relieving appellant from paying alimony for the support of Evelyn Kennard after she became 21 years of age. It was further modified requiring appellant to pay $75.00 per month during the school period and $50.00 per month during the vacation period for the support of Margaret Kennard until the further order of the court, "and the final decree dated January 20, 1928, shall stand unchanged in all other respects." The decree dated July 17, 1936, recites:

"It is further ORDERED that the defendant, Philip F. Kennard, is now in arrears on account of said order entered on the 20th day of January, A. D. 1928, the sum of $4,-587.00, up to and including the February 1st, 1936, pay-

ment, which was the date of the last payment under said order prior to the time the said Evelyn Kennard became 21 years of age."

The modification order dated, *supra*, was fully authorized by the authority of Duss v. Duss, 92 Fla. 1081, 111 Sou. Rep. 382, and Schouler on Marriage, Divorce and Separation, Volume 2 (6th Ed.) pages 1993-95, par. 1831, viz:

"Modification can only be ordered on proof of change of conditions, as the decree is final as to conditions existing at the time, and a slight change is not enough to warrant modification. The husband's financial inability or the wife's wealth may not be alone ground for modifying the award, but the whole question is in the absolute discretion of the court.

"Alimony may be changed on grounds connected with the support of the children, or may be increased where it becomes inadequate, as where the wife becomes helpless and needs more than before. Alimony may be reduced where the husband's income is decreased, as where illness of the husband has caused him large expense and the wife needs less than before, or where the wife inherits property sufficient for her needs.

"A decree decreeing insurance may be modified by providing that it shall be the property of the wife, or, on the other hand, a decree of alimony may be changed or cut off altogether on evidence that the libelee has taken up an open life of shame. The courts will not permit vice to flaunt its banner unchallenged. The court may also change alimony into a permanent division of property between the parties."

We are unable to agree with counsel for appellant to the effect that permanent alimony may be changed for good cause shown. See Dickenson v. Sharpe, 94 Fla. 25, 113 Sou. Rep. 638; Gaffny v. Gaffny, 129 Fla. 172, 176 Sou.

Rep. 68; Schouler on Marriage, Divorce and Separation, Volume 2 (6th Ed.) pages 1990-91, par. 1828, viz.:

"The court may in its decree reserve the right to alter the payments as justice may require, or the courts may by statute be given the right to alter the payments at any time, but except for reservation in the decree or express statutory authority the court has no power to alter its decree. Where the divorce is absolute, the alimony awarded is permanent, there are no minor children, there is no express reservation, in the decree, and there is no statute conferring upon the court the authority to modify or alter its decrees in respect to alimony, the court has no authority to do so. The decree is like other decrees, final and conclusive, and the court has no power to alter it, but possesses only the right to enforce obedience to it in accordance with the great weight of authority. * * *"

There appearing to be no error in the record the decree appealed from is hereby affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

ELLIS, C. J., not participating.

BROWN, J. (concurring specially).—The decree of Jan. 20, 1928, did not award "alimony," but required $125.00 per month to be paid to the plaintiff wife for the support of the children. I am inclined to think an order of that sort may be modified later, as changing circumstances may require, under Sec. 4993 C. G. L. and Chapter 16780, Acts of 1935, even though the original decree did not provide for retention of jurisdiction for that purpose. Appellant also contends that where the husband shows that he has done the best he could, and could not avoid getting in arrears, the court has the discretion to relieve him of liability on such accumulated arrears provided he promptly pays the current

and future modified installments. I do not think this contention well founded. See 19 C. J. 359. That would be to deprive the children of rights theretofore vested. Here the chancellor merely determined the amount, but did not order execution to issue.