W. E. VAN LOON v. ISABEL VAN LOON.

182 So. 205.
Opinion Filed May 5, 1938.
Rehearing Denied June 15, 1938.

*Kehoe & Kehoe,* for Appellant;

*Gordon McCauley, J. C. Durrance* and *Kunkel & White,* for Appellee.

WHITFIELD, P. J.—In a decree of divorce granted in 1929 to the wife, Isabel Van Loon, on the ground of habitual indulgence in violent and ungovernable temper by the husband towards the wife, it is ordered "that the plaintiff be and she is hereby awarded the sum of $50.00 per month as permanent alimony," to be paid by the defendant, W. E. Van Loon.

In 1936 Isabel Van Loon filed a Petition in the cause in which she in effect alleged that W. E. Van Loon paid three installments of the alimony decreed and "that said defendant is now in default for 81 months or in the total sum of $4,050.00."

The petition contains the following:

"9. That the complainant is without income or income property and is in dire need of the money awarded for her by this Honorable Court, and she is convinced that the defendant could many times, if not all of the time, have made the payments so ordered by said decree, but failed and refused to do so.

"10. This petitioner believes the defendant is financially able to pay the money decreed to be paid by him, but he refuses as he has consistently done heretofore to comply with the order and decree of this court.

"11. This petitioner further petitions this Honorable Court that if upon a hearing of this cause this Honorable Court should find that the defendant is unable to pay all

the money found to be due and unpaid the complainant, that the complainant be awarded a judgment for all said sums as found due her which the defendant is found unable to pay and that an order of execution on said judgment may be granted.

"(a)   Your petitioner therefore prays that this Honorable court will issue or cause to be issued a rule in this cause, directing and requiring the defendant, W. E. Van Loon, to show cause, if any he can, within a reasonable time to be fixed by this Court, why he, the said defendant, W. E. Van Loon, should not be adjudged in contempt of this Court, and be punished accordingly until he shall have complied with the decree of this Court aforesaid.

"(b)   This petition prays further that if upon a hearing of this matter this Honorable Court should find that the defendant is unable to pay all the money found to be due and unpaid to the complainant, that this Honorable Court will award to the complainant a money judgment for such sums due complainant, which the defendant is unable to pay and that an execution be granted thereon."

A Rule to Show Cause was issued and served on W. E. Van Loon, who filed an answer to the Rule averring facts and circumstances designed to show his inability to make the alimony payments and, with apologies for his unavoidable failure to comply with the alimony decree, asked that the Rule be dismissed and the defendant discharged and granted relief from the alimony payments he is unable to make because of financial embarrassments.

Later the defendant filed a petition alleging facts in support of the prayer: "that because of his changed financial condition and standing and ability to comply with the final decree entered in this cause on the 1st day of October, A. D. 1929, and because of your petitioner's inability to pay the amounts due under the said final decree and that

have become due under said decree, your petitioner prays that this Honorable Court enter an order modifying the said final decree and relieving your petitioner from the payment of any sums due thereunder or that have become due thereunder."

The court rendered the following decree:

"This cause coming on to be heard upon the petition of the plaintiff for rule to show cause, the return of the Sheriff upon said rule, the answer of the defendant to said rule to show cause, and the petition of the defendant for an order modifying the final decree herein, and the same having been duly argued by counsel and considered by the Court, upon consideration thereof;

"IT IS ORDERED, ADJUDGED AND DECREED that the defendant W. E. Van Loon, at the time of the filing of plaintiff's said petition herein was and is in arrears of the payments ordered by this Court to be paid to the plaintiff, in the sum of Four Thousand Fifty Dollars ($4,050.00), and it appearing unto this Court that said defendant is entitled to pay the said amount herein found to be due and payable to the plaintiff at this time, therefore, it is

"FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Isabel Van Loon, be and she is entitled to a judgment against the defendant, W. E. Van Loon, for the sum of $4,050.00.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Isabel Van Loon, do have and recover from the defendant herein, W. E. Van Loon, the sum of $4,050.00 for which let execution issue.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said petition of the defendant for an order modifying the said final decree be and the same is hereby denied in so far as the same applies to any payments which were in default

at the time of the filing of the plaintiff's petition herein; inso far as payments falling due under said final decree in the future, it is hereby further ordered, adjudged and decreed that Ross Williams be and he is hereby appointed Special Master of this Court to take testimony herein as to whether or not the defendant should be awarded relief as to future payments and that said Master report his findings of fact and law to this Court with all convenient speed."

An appeal was taken from the decree by defendant.

Apparently the decree was rendered upon the theory that the court had no authority to deny the plaintiff wife a decree for the past due and unpaid alimony installments, treating them as vested rights that are not subject to judicial reduction or cancellation because of changed financial resources and necessities of the parties to the divorce decree.

When the divorce decree awarding alimony was rendered in 1929, the following statute was in force:

"In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; * * *." Sec. 4987 (3195) C. G. L.

When the defendant's answer to the Rule in Contempt was filed November 21, 1936, and when his petition for relief from alimony payments was filed March 17, 1937, the following statute, Chapter 16780, Acts of 1935, was in force:

"AN ACT Authorizing the Circuit Courts of the State of Florida to Modify or Confirm Payments for, or in Lieu of, Separate Support, Maintenance or Alimony, in Accordance with Voluntary Agreements Between Husband and Wife,

or Pursuant to Decree of Court of Competent Jurisdiction, and Prescribing the Venue in which Applications for This Purpose May Be Instituted.

"Be It Enacted by the Legislature of the State of Florida ·

"Section 1. Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony, whether in connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the Circuit Court of the Circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the Court, after giving both parties an opportunity to be heard and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree, and thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all

actions or proceedings of every nature and wherever instituted, whether within or without this State, shall be deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney or agent, or otherwise, in behalf of either party in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.

"Section 2. This Act is declaratory of existing public policy and laws of this State, which is hereby affirmed and confirmed in conformance with the provisions hereof, and it shall be the duty of the Circuit Courts of this State to construe liberally the provisions hereof in order to effect the objects and purposes hereof and the public policy of the State as hereby declared.

"Section 3. All laws and parts of laws in conflict herewith are hereby repealed.

"Section 4. This Act shall take effect immediately upon its becoming a law.

"Approved June 1st, 1935.

"Filed in Office Secretary of State, June 3rd, 1935."

The title to Chapter 16780, Acts of 1935, does not indicate that the law is to operate retrospectively and as to that feature, the provisions of the Act may be misleading so as to render the retroactive provisions of the Act subject to judicial elimination, leaving the prospective features of the Act operative.

This interpretation should be adopted to make the statute conform to the limitations of organic law. See *In re* Seven Barrels of Wine, 79 Fla. 1, 83 So. 627; McCarthy v. Havis,

23 Fla. 508, 2 So. 819; U. S. v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061.

While the decree awarding alimony as in this case is not a *contract* obligation that is secured from legislative violation by the contract clause of the Federal and State Constitutions, yet where past due installment payments of alimony under a valid judicial decree remain unpaid, they do constitute vested property rights of which the party cannot be deprived except by due process of law. See Livingston v. Livingston, 173 N. Y. 377, 61 L. R. A. 800; Sistar v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 19 C. J. 270, 45 L. R. A. 806.

The statute operates prospectively to authorize modifications of alimony decrees as to future payments from the date of application, to the extent authorized by valid provisions in the statute, even though the court had not expressly reserved the authority to change or modify a decree when it was rendered.

The court rendered a decree for past due installments of alimony. The prayer for a modification of the alimony decree as to payments in default when the petition was filed was denied, and a special master was appointed to take testimony on the issue as to whether relief should be allowed as to future payments.

This was in accord with the law and the prior decisions of this court. See Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68; Mooty v. Mooty, and Kennard v. Kennard, filed at this term.

Affirmed.

ELLIS, C. J., and TERRELL, BUFORD, and CHAPMAN, J. J., concur.

BROWN and CHAPMAN, J. J., concur specially.

BROWN, J. (concurring specially).—Undoubtedly, the Act of 1935, Chapter 16780, is applicable to all decrees involv-

ing alimony or separate maintenance rendered after the passage of that Act; perhaps also to decrees rendered prior thereto wherein jurisdiction of these features of the decrees was retained by the court. But in my opinion the Act of 1935 did not take away any rights to such payments which had accrued and vested under a final decree theretofore rendered wherein jurisdiction to thereafter change or modify the decree had not been retained by the court (1 R. C. L. 953) although the court might, for strong equitable reasons, growing out of radically changed circumstances, refuse to enforce its decree by issuance of execution or by contempt or *ne exeat* proceedings against the party in default. This, by virtue of the general power of a court to control its own processes, and to extend the time for the execution or performance of its decrees, where subsequently to the rendition of the decree, circumstances arise which would make it clearly unjust and inequitable to enforce the decree, even though the time within which a petition for rehearing, or a motion to modify or vacate the decree has expired. Where rights have vested or been acquired in good faith under a decree of any sort, which has become final, the courts generally refuse to stay or withhold execution of the decree. See 21 C. J. 699, *et seq.,* 1 R. C. L. 953. I am not speaking now of cases wherein bills of review or original bills in the nature of bills of review are applicable, but I have in mind the matter of the enforcement of final decrees providing for payments of future periodic installments. Such a decree, or the right created thereby, and matters regarding its enforcement, run into the future, and the general power of courts of equity with regard to the enforcement of such decrees attaches so long as the period for the payment of the installments ordered to be paid continues. While the court may not go back and amend such final decrees, or the rights

already vested thereunder (1 R. C. L. 946, 953), they do retain the powers referred to with regard to their enforcement. See 21 C. J. 706-726; 1 R. C. L. 962. The principles laid down in Mabson v. Christ, 96 Fla. 756, 119 So. 131, are adhered to. That case did not, however, involve the power of the court with regard to the enforcement of decrees providing for periodic payment of installments of alimony or support money for an indeterminate future time dependent only upon the length of life of the parties.

There is a distinction between permanent alimony allowed in a decree of divorce and an interlocutory order allowing temporary alimony *pendente lite*. In respect to the latter, as was said in Duss v. Duss, 92 Fla. 1081, 111 So. 382, the parties stand before the court in the continued relation to each other of husband and wife; but in respect to alimony allowed and to be paid after divorce from the bonds of matrimony, they stand before the court in such a status that the legal liability of the divorced husband to pay the permanent alimony is "in the nature of an obligation or duty to a stranger."

In the case of Dickinson v. Sharpe, 94 Fla. 25, 113 So. 638, we held that a decree granting permanent alimony does not become a specific lien on the husband's real estate, except in cases where it is so provided by statute. In that case, in the opinion by Mr. Justice BUFORD it was said:

"A decree for permanent alimony is not one which may be paid off and discharged. It runs in installments so long as both parties are living unless vacated by order of a court of competent jurisdiction. Therefore, it is impossible to determine what amount of money will be required to meet the exigencies of the decree. It is clear that execution would not issue upon a decree like the one before the court at this time and the only way by which an execution would be procurable would be for the claimant under the decree to

petition the court for an adjudication against the person against whom the decree was rendered for default in payment of the installments and for an adjudication fixing the amount then due and payable under the terms of the decree and for an order for execution to issue for such specific amount."

In the case of Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68, the two cases above referred to were cited. The Gaffny case involved a decree retaining jurisdiction with reference to the matter of alimony, and we held that under that decree as well as under the Act of 1935 above referred to, the court had the right to modify the provision with reference to the payment of alimony if changed circumstances required such modification, but we upheld the power of the court below to adjudicate the amount of alimony in arrears, render judgment therefor, and order the issuance of execution.

In that case, we called attention to 1 R. C. L. page 948, wherein it was said:

"Authority to modify the allowance, however, does not include the right to alter the award upon the state of the case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter, or modify a decree for alimony upon the facts existing at the time of its entry."

In view of all this, I am of the opinion that the court below was acting within its power in ascertaining the amount of alimony in arrears under the final decree of Oc-

tober 1, 1929, and in rendering a judgment therefor, with order for execution to issue, though I also think it was within the power of the chancellor to withhold execution on said judgment if the financial condition of the defendant was such as to justify, in equity, the withholding of the execution. 1 R. C. L. 962. In other words, I do not think that Chapter 16780 should, as to vested rights, be given a retroactive effect.

WHITFIELD, P. J., concurs.

CHAPMAN, J.—I concur in the majority opinion in this case for the following reasons:

First. The decree dated October 1, 1929, awarded to the wife the sum of $50.00 per month as permanent alimony. The court by the terms thereof did not retain jurisdiction of the cause. The Court below was without authority to change, alter or amend this final decree in the absence of a showing of fraud. See Duss v. Duss, 92 Fla. 108, 111 So. 382; Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68; Mooty v. Mooty, 131 Fla. 151, 179 So. 155, and Kennard v. Kennard, 131 Fla. 473, 179 So. 660. See Schouler on Marriage and Divorce, Vol. 2 (6th Ed.) pages 1993-1995, par 1831.

Second. It is next contended that the power to alter, amend or modify the final decree is authorized by Chapter 16780, Acts of 1935, while the decree is dated October 1, 1929. I fail to appreciate the reasons presented for giving a retroactive effect and force to Chapter, *supra.* The weight of authority supports the conclusion that a statute passed *after* entry of a final decree does not authorize a court to alter, amend or modify the same. See Fuller v. Fuller, 49 R. I. 45, 139 Atl. 662; Walker v. Walker, 155 N. Y. 77, 49 N. E. 663; Livingston v. Livingston, 173 N. Y. 377, 66 N. E. 123; Guess v. Smith, 100 Miss. 457,

56 So. 166; Krauss v. Krauss, 111 N. Y. S. 788; 57 Misc. 676; Schouler on Marriage and Divorce, Vol. 2, Section 1828; Beard v. Beard, 57 Neb. 754, 78 N. W. 255..

Third. While Chapter 16780, *supra,* may be declaratory of the law existing in 1929, no authorities have been submitted to sustain this conclusion.

The decree should be affirmed.

## On Petition for Rehearing

PER CURIAM.—In a petition for rehearing it is stated that no evidence was adduced to support the allegation of the petition of Isabel Van Loon "that Four Thousand and Fifty ($4,050.00) Dollars was then due upon said final decree". of 1929 adjudging alimony to be paid by the defendant, W. E. Van Loon.

The answer to the rule against the defendant, W. E. Van Loon, contains the following:

"This defendant, further answering the said Rule to show cause, admits that he has failed to make the payments and is now in arrears in the sum of $4,050.00 as and for payments required to be made by the final decree entered in the above entitled cause on the 1st day of October, A. D. 1929."

When the final decree of divorce adjudging alimony to the complainant wife was rendered there was no reservation of jurisdiction over the alimony decree, and there was then no statute making such reservation of jurisdiction.

The statute of 1935 was held not applicable to past due and unpaid alimony payments and the cause was referred for testimony as to the equity of future alimony payments under the divorce decree.

Rehearing denied.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN,. J. J., concur.