Elizabeth M. ISRAEL, Plaintiff,

v.

Lon F. ISRAEL, Defendant.

Civ. A. No. 20268.

United States District Court
E. D. Pennsylvania.

Nov. 8, 1956.

Samuel Kagle, B. I. deYoung, Philadelphia, Pa., for plaintiff.

Percy C. Madeira, III, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

In 1954, Lon F. Israel brought an action for divorce against his wife, Elizabeth M. Israel, in Florida. This proceeding, in which the Florida Court had jurisdiction of the parties, resulted in a decree of divorce a vinculo matrimonii in favor of Mrs. Israel on her cross-bill. The decree also ordered Mr. Israel to pay her permanent alimony of $150 monthly. Mrs. Israel, the present plaintiff and now a Missouri citizen, has brought the instant action against Mr. Israel, now a Pennsylvania citizen, to recover the alimony admittedly unpaid for the twenty-two months preceding this suit. Defendant's resistance to plaintiff's motion for summary judgment is based upon the contention that the Florida decree for permanent alimony is not such a final judgment as is entitled to full faith and credit under the constitutional requirement.

 The general rule is that where a decree is entered for permanent alimony, payable in future installments, the right to the installments becomes vested and absolute when due and, hence, entitled to the protection of the full faith and credit clause, if the decree was not modified before the maturity of the installments. However, the general rule does not prevail if, "by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due." Sistare v. Sistare, 1909, 218 U.S. 1, 30 S.Ct. 682, 686, 54 L.Ed. 905; Yarborough v. Yarborough, 1933, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269; Loughran v. Loughran, 1934, 292 U.S. 216, 54 S.Ct. 684, 78 L. Ed. 1219.

The law of Florida confers no such discretion upon the Circuit Court which entered the alimony decree upon which this suit is founded. In Van Loon v. Van Loon, 1938, 132 Fla. 535, 182 So. 205, the Supreme Court of Florida, construing the statute relating to modification of alimony payments pursuant to court decree, held that unpaid, past-due installments of alimony under a valid judicial decree constitute vested property rights of which a party cannot be deprived except by due process of law, and that the Florida statute operates prospectively to authorize modifications of alimony decrees as to future payments only from the date of application for modification.

Accordingly summary judgment will be entered for the plaintiff upon submission of an appropriate order.