112 So.2d 411 (1959)
Augusta L. FOWLER, Appellant,
v.
Henry T. FOWLER, Appellee.
No. B-14.
District Court of Appeal of Florida. First District.
May 26, 1959.
*412 Allan C. Winter, Jr., Jacksonville, for appellant.
Dennis R. Dingle, Jacksonville, for appellee.
WIGGINTON, Acting Chief Judge.
This is an appeal from a modification decree relieving husband from making further alimony payments, and from paying premiums on insurance policies in which the wife is named as beneficiary, as required by the terms of the final divorce decree.
Appellee-husband sued appellant-wife for divorce in 1956. By mutual agreement their respective interests in specified property, both real and personal, were amicably adjusted, although the understanding was silent *413 with respect to an interest which husband then owned in a dry cleaning business from which he derived a substantial income. The provisions of the agreement were incorporated fully in the decree granting husband a divorce, and the court did not reserve jurisdiction for any purpose.
In 1958, husband filed a petition for modification of the 1956 decree under F.S. Section 65.15, F.S.A., alleging that his financial circumstances had so changed that he could no longer meet the alimony requirements of the decree without working a great hardship on himself. The petition avers that it was from the anticipated income to be realized from the dry cleaning business that he expected to pay the alimony as agreed, and inasmuch as he was forced to sell this business, he prays that the final decree be modified by reducing the sum of alimony to be paid wife by such amount as may be considered equitable.
Wife filed an answer denying the material allegations of the petition and incorporated a cross petition alleging that since the decree of divorce, both her health and earning capacity have become seriously impaired and thus, she is in need of greater financial assistance from husband. Accordingly, she prayed that the alimony provision of the decree be modified by increasing the amount in such sum as may be deemed equitable.
Testimony was taken before the chancellor who entered a modification decree containing his findings and conclusions, to-wit: (1) at the time the final decree was entered husband was earning eighty-eight dollars weekly salary and enjoyed an annual income from his interest in the dry cleaning business of $3,500, while wife earned a monthly income of $300 as a registered nurse; (2) it was contemplated by the parties that the alimony and insurance requirements of the decree were to be discharged by husband from anticipated income accruing from husband's interest in the dry cleaning business; (3) through the invidious and vindictive action of wife and her brother, husband was forced to sell his interest in the dry cleaning business for a price of $8,000, the income previously realized from that source being thereby discontinued; and (4) that because of wife's action in causing a reduction in husband's income, it would be inequitable to require him to pay any further sums for which he is obligated under the final decree, but that it would be equitable to require division between the parties of the balance of the purchase price to be received in subsequent installments by husband from the sale of the mentioned business.
Based upon the foregoing findings it was ordered that all payments required to be made by husband under the terms of the final decree are cancelled and discharged, and further ordered that husband pay to wife one half of all future sums as and when received by him from the sale of the dry cleaning business.
On appeal from the modification decree wife has assigned a number of errors. We will consider only those deemed to be necessary for a disposition of this appeal. Appellant contends that since the final decree of divorce contained no reservation of jurisdiction, the chancellor was without authority to entertain husband's petition for modification brought in the same suit under F.S. Sec. 65.15, F.S.A. This contention must be resolved against appellant. Jurisdiction to consider petitions for modification of any agreement, order, or decree provided for payment by a husband to his wife of separate support, maintenance or alimony, is expressly conferred by the statute.[1] The reservation of jurisdiction in a final decree of divorce is important in determining whether the petition for modification constitutes a new suit requiring service of process on respondent, or whether it constitutes but a *414 supplemental step in the original action wherein actual notice to the respondent is sufficient.[2] The former situation is the case here, but respondent wife having voluntarily answered the petition for modification without raising the question of service, she thereby waived process and subjected herself to the court's jurisdiction.
Appellant also assigns as error that part of the modification decree which cancels and discharges husband's obligation to continue payment of premiums on the insurance policies as stipulated in the property settlement agreement and incorporated in the final decree. With this contention we must agree. It is settled in this jurisdiction that F.S. Sec. 65.15, F.S.A., is not applicable to provisions of agreements incorporated in final decrees of divorce which settle only the interests of husband and wife in property owned by either or both during their marriage.[3] Property settlement agreements are no different from other agreements in their legal aspects and are therefore binding when shown to be fair and regular.[4] Husband's agreed obligation to maintain the insurance policies in force for benefit of wife was part of the property settlement, and is not subject to modification in a proceeding brought under F.S. Section 65.15, F.S.A.
Appellant also urges that the modification decree cancelling and discharging husband's obligation to pay alimony to wife is not supported by the evidence. A careful review of the record fails to reveal any evidence supporting the chancellor's finding that it was through the wife's invidious and vindictive action that husband was forced to sell his interest in the dry cleaning business. The only evidence regarding this matter is that wife's brother threatened to force the cleaning company to vacate his building if husband retained any interest therein. Wife testified that she neither suggested nor approved this action on the part of her brother. Assuming, however, that the evidence supported the chancellor's finding in this regard, such action on the part of wife would not in itself justify the decree cancelling further alimony requirements of husband.
The statute authorizes modification of an alimony decree only upon a clear showing that the circumstances of the parties or the financial ability of the husband have changed since the entry of the decree. Where the amount of alimony decreed is based upon an agreement freely entered into between the parties, a heavier burden rests upon the husband to justify a modification.[5] A reduction of the husband's income on any account will not in itself justify a modification in the alimony requirements of the decree.[6] Husband's financial incapacity to continue the payment of alimony in the amount ordered by the decree must be shown if the court is to make such order as justice and equity may require. A modification decree cancelling husband's obligation to pay alimony to his wife cannot be justified solely on the basis of a penalty imposed because of her inequitable conduct which contributes to a diminution in husband's income.
We fail to find in the record any evidence tending to establish that it is beyond husband's capacity to pay from his present resources the amount of alimony fixed in the divorce decree. Indeed, no such finding was made by the chancellor in the modification decree here assaulted. In the absence of this necessary prerequisite, it was error to order cancellation and discharge of all payments required to be made *415 by husband under the terms of the divorce decree.
We must, however, reject appellant's contention that the chancellor erred in denying the prayer of her cross-petition seeking an increase in alimony based on her impaired condition of health and earning capacity. A careful review of the record fails to disclose that the chancellor abused his discretion in resolving this issue against appellant.
For the reasons stated, the decree of modification is reversed and the cause remanded for the entry of a decree in accordance with the views expressed herein.
Reversed.
CARROLL, DONALD, J. and FUSSELL, CARROLL W., Associate Judge, concur.
NOTES
[1] Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205; Kennard v. Kennard, 131 Fla. 473, 179 So. 660; Norton v. Norton, 131 Fla. 219, 179 So. 414.
[2] Schraner v. Schraner, Fla.App. 1959, 110 So.2d 33.
[3] Dix v. Dix, 140 Fla. 91, 191 So. 205.
[4] Haynes v. Haynes, Fla. 1954, 71 So.2d 491.
[5] Vance v. Vance, 143 Fla. 513, 197 So. 128; Cohn v. Mann, Fla. 1949, 38 So.2d 465.
[6] 10 Fla.Jur., Sec. 199, p. 607; Simpson v. Simpson, Fla. 1943, 63 So.2d 764.