PER CURIAM.
The parties to this cause were divorced in 1961 in the State of Nevada. The final decree of divorce incorporated a settlement agreement, which provided that the husband would pay $12,000.00 a year in alimony. He recently brought an action in Florida to establish the Nevada decree as the decree of the Circuit Court of the Eleventh Judicial Circuit, and sought a modification of the alimony. The relief was denied, and this appeal ensued.
Although there may have been some decrease in the husband’s total net worth since the entry into of the agreement, he has had an income in excess of $50,000.00 a year for the past several years, and still has the ability to make the agreed upon alimony payments. It appears that having such ability prevents a modification of the decree for alimony. See: Fowler v. Fowler, 112 So.2d 411 (Fla. 1st D.C.A. 1959), wherein the following is found:

“The statute authorizes modification of an alimony decree only upon a clear showing that the circumstances of the parties or the financial ability of the husband have changed since the entry of the decree. Where the amount of alimony decreed is based upon an agreement freely entered into between the parties, a heavier burden rests upon the husband to justify a modification. A reduction of the husband’s income on any account will not itself justify a modification in the alimony requirements of the decree. Husband’s financial incapacity to continue the payment of alimony in the amount ordered by the decree must be shown if the court is to make such order as justice and equity may require.
* * * * * *
“We fail to find in the record any evidence tending to establish that it is beyond the husband’s capacity to pay from his present resources the amount of alimony fixed in the divorce decree. Indeed, no such finding was made by the chancellor in the modification decree here assaulted. In the absence of this necessary prerequisite, it was error to order cancellation and discharge of all payments required to be made by husband under the terms of the divorce decree.”

See, also: Scott v. Scott, 285 So.2d 423 (2nd D.C.A. 1973); also see and compare Singer v. Singer, 318 So.2d 438 (4th D.C.A. 1975).
*903 Therefore, for the reasons above stated, the order denying modification here under review be and the same is hereby affirmed.
Affirmed.