Mr. William R. Lisch Bradenton City Attorney 519 13th Street West Bradenton, Florida 34205
Housing authority, effect of statutory amendment
Dear Mr. Lisch:
On behalf of the City of Bradenton, you ask substantially the following question:
Should the commissioners of the city's housing authority be appointed by the mayor alone or by the mayor with the approval of the city council?
In sum:
The commissioners of the Bradenton housing authority should be appointed by the mayor alone. In the absence of any clearly expressed legislative intent to provide retrospective application to Chapter 59-413, Laws of Florida, no such application may be implied, and city housing authority commissions created prior to the effective date of this act are not affected by the amendments made therein providing for the appointment by the mayor with the approval of the city council.
According to your letter, the City of Bradenton created its housing authority in 1950.[1] At that time, section 421.05, Florida Statutes (1957), provided that when the governing body of the city adopted a resolution to create a housing authority, the mayor would appoint five persons to serve staggered terms as the authority's commissioners. Thereafter, the commissioners would be appointed "as aforesaid" for a term of four years. In 1959, section 421.05 was amended to provide for the appointment of authority commissioners "with the approval of the governing body[.]"[2] You ask whether the Bradenton housing authority commissioners should therefore be appointed with the approval of the Bradenton City Council.
In Attorney General Opinion 84-56, this office considered the effect of an amendment to Chapter 421, Florida Statutes, on a housing authority created prior to October 1, 1980. The housing authority consisted of five commissioners. As a result of the amendment to section 421.05, Florida Statutes, by section 1, Chapter 80-357, Laws of Florida, providing for the appointment of "no fewer than five persons" as housing authority commissioners, the housing authority inquired whether it was authorized to increase the number of its commissioners to seven.
This office found no notice in the title of the amendatory legislation, nor legislative intent in the statute's language, that indicated it was to have retrospective application. This office noted that it is a well-settled rule that a statute will not be construed as retroactive unless its terms clearly show that the Legislature intended such a result. Instead the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent.[3]
Accordingly, this office concluded that the statutory amendment providing for a board of more than five members applied prospectively only and did not authorize a housing authority created prior to the statute's amendment to increase the number of its commissioners. Section 421.05, Florida Statutes, was subsequently amended to provide that "[t]he requirements of this subsection with respect to the number ofcommissioners of a housing authority apply without regard to the date on which the housing authority was created." (e.s.) As you note in your letter, the amendment referred only to the number of commissioners and not to the method of their appointment.
An examination of the title to Chapter 59-413, Laws of Florida, which amended section 421.05 to provide for the appointment of housing members by the mayor with the approval of the governing body, does not indicate that the act was meant to operate retrospectively. Where it is intended that a statute should have retrospective operation, the title must convey appropriate notice of this intent.[4] Nor does the language of the act clearly indicate an intent that its provisions were to apply to previously created housing authorities.
Accordingly, until legislative or judicially clarified, I am of the opinion that in the absence of any clearly expressed legislative intent to provide retrospective application to Chapter 59-413, Laws of Florida, no such application may be implied, and city housing authority commissions created prior to the effective date of this act are not affected by the amendments made therein providing for the appointment by the mayor with the approval of the city council. Thus, the commissioners of the Bradenton housing authority should be appointed by the mayor alone.
Sincerely,
Richard E. Doran Attorney General
RED/tjw
[1] See, Resolution Declaring the Need for a Housing Authority of the City of Bradenton, Florida, dated April 11, 1950.
[2] Section 1, Ch. 59-413, Laws of Florida.
[3] See, e.g., Bates v. State, 750 So.2d 6 (Fla. 1999) (without clear legislative intent to the contrary, a law is presumed to apply prospectively); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981). Seegenerally, 82 C.J.S. Statutes s. 414.
[4] See, 49 Fla. Jur.2d Statutes s. 106, p. 137; Van Loon v. Van Loon,182 So. 205 (Fla. 1938); Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1944).