DREW, Justice.
The sole question presented in this appeal is whether the lower court abused its discretion in reducing the amount of the weekly payments required of a defendant by the final decree in a bastardy proceeding.
The original decree was entered pursuant to a stipulation and provided for payments for expenses of birth, costs, attorneys’ fees and $10 per week for the maintenance of the bastard child if born alive. Several months after this decree was entered, application was made for a reduction of the amount of the weekly maintenance under Section 742.06, F.S.1951, F.S.A. A hearing was had on the petition and as a consequence thereof an order was entered reducing the amount to $5 per week.
We have carefully considered the evidence on the basis of which the lower court reduced the amount of the award. The evidence does not show any changed conditions which would afford a basis for altering the provisions of the original decree. The record establishes that if there has been any change of condition in the ap-pellee’s circumstances, it is for the better. Under such circumstances it was a clear abuse of discretion to tamper with the provisions of the original decree which were conclusive as to the conditions then existing. See Schiff v. Schiff, Fla., 1951, 54 So.2d 36; Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68; Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312, Chastain v. Chastain, Fla., 1954, 73 So.2d 66.
The decree of the lower court is hereby reversed with directions to reinstate the original decree.
ROBERTS, C. J., and HOBSON and BARNS, JJ., concur.