DREW, Chief Justice.
Pursuant to the wife’s application and after hearing pursuant to due notice the Circuit Judge sentenced the defendant husband to six months in jail for failure to pay the sum of $544, past due alimony. The order provided that the. husband could purge hirpself of the contempt by payment of such alimony before a designated time.. Twelve days later and without notice to the wife, or .her counsel,,the record shows the entry of the following. order, which affords the basis, of this appeal: ,
■ “The above named plaintiff was brought before the Court arid placed in the county jail to await a 'hearing, arid upon his promise to pay all back payments now due under the decree of this court to his former wife, that all future payments would be cancelled.
“This order is now in view of the fact that he is supporting a daughter who is of school age by a former wife and his income is not adequate to pay any further sums to the defendant.”
The foregoing order substantially affects the rights'of the wife under the final decree of divorce. It was error to enter the same without notice, to the wife and without opportunity to her to be heard. Moreover the record fails to show any attempt to comply with the provisions of section 65.15, F.S. 1951, F.S.A., relating to the modification of alimony decrees and agreements.
The decree, appealed from is hereby vacated without prejudice, however, to the appellee to make application .for modification of alimony pursuant to the provisions of section 65.15, supra. See Schiff v. Schiff, Fla.1951, 54 So.2d 36; Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68; Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312; Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Crosby v. Calhoun, Fla.1954, 76 So.2d 297.
TERRELL and ROBERTS, JJ., and PARKS, Associate Justice, concur. ■