STATE OF FLORIDA, ex rel. FRANK DUFF FRAZIER, *Relator*, vs. C. E. CHILLINGWORTH, as Judge of the Circuit Court of the Fifteenth Judicial Circuit of the State of Florida, in and for Palm Beach County, *Respondent*.

138 So. 383.

En Banc.

Opinion filed December 16, 1931.

*Wideman, Wideman & Wardlaw,* for Relator;
*Robert H. Anderson,* for Respondent.

BUFORD, C.J.—Relator presented here his petition for mandamus to compel Respondent to fix the amount and conditions of a supersedeas bond in an appeal from an order made some years after final decree in divorce awarding the custody of a child to Brenda Watriss, nee Brenda Frazier.

The decree appealed from contains the following language:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the Court retain jurisdiction of this cause and the parties hereto for the purpose of enforcing and modifying the decree entered January 20, 1926, or this decree;"

It is contended by the Petitioner that the decree is a final decree and, therefore, it comes under the provisions of section 3170 R. G. S., 4962 C. G. L., as it applies to a final decree and that, therefore, the right to supersedeas is absolute in the Petitioner.

It is not necessary for us to determine whether or not the right of supersedeas would be absolute in the petitioner if this order were an appeal from a final decree, because of the fact that this is an appeal from an interlocutory order which is in no sense a final decree. The Court, by this decree, said:

"IT IS ORDERED, ADJUDGED AND DECREED that the portion of the final decree entered January 20, 1926, beginning with the words: 'It is further ordered, adjudged and decreed that the custody and control of the child Diana' and ending with the words 'while in her custody' be vacated and in lieu thereof,

IT IS ORDERED, ADJUDGED AND DECREED THAT, effective December 1, 1931, the custody and control of the child Diana Frazier be awarded to Brenda Frazier Watriss, who, so far as is practicable, shall confer with Frank Duff Frazier as to the care and education of Diana, with leave to Frank Duff Frazier to visit with Diana at all reasonable and convenient times and places, and with further leave to Frank Duff Frazier to have Diana visit him at his expense at some reasonable and convenient place and time or times, which in each calendar year, beginning January first, shall not exceed the aggregate of two weeks; and that Frank Duff Frazier shall pay Brenda Frazier Watriss $750.00 each month for the support, maintenance, education and care of Diana Frazier, which amount may be increased or decreased from time to time as may be proper;"

which language is followed in the decree by the quotation hereinbefore set forth, all of which on its face shows that the court has expressly retained jurisdiction of the cause for the purpose of changing, altering or modifying this decree at any time when the court may be advised that it is proper to do so.

The right to supersedeas, therefore, is controlled by subsection 2 of section 3170 R. G. S., 4962 C. G. L., and the granting of such supersedeas is a matter within the judicial discretion of the Judge of the Circuit Court or a Justice of the Supreme Court. We are not requested to grant an order of supersedeas but we are petitioned to order the Circuit Judge to grant the supersedeas. In other words, we are petitioned to direct and control by mandamus the discretion of the Judge of the Circuit Court. It is an elementary principle which requires the citation of no authority here that matters resting in the judicial discretion of the Circuit Court will not be controlled by mandamus from this Court.

For the reasons stated, the petition is denied.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.