WILLIAM P. MOOTY v. DAISY MOORE MOOTY

179 So. 155.

Opinion Filed February 15, 1938.

*Evans, Mershon & Sawyer, M. L. Mershon* and *W. O. Mehrtens,* and *Loftin, Stokes & Calkins* and *Iohn P. Stokes,* for Appellant;

*R. B. Gautier,* for Appellee.

CHAPMAN, J.—On January 22, 1926, the Honorable H. F. Atkinson, a Judge of the Circuit Court of Dade County, Florida, entered a final decree granting to Daisy Moore Mooty: (a) a total divorce *a vinculo matrimonii;* (b) awarded to her the custody of their two minor children; (c) requiring William P. Mooty to pay to Daisy Moore Mooty for the support and maintenance of the two children $125.00 per month; (d) confirming the ownership of the home of the parties in Daisy Moore Mooty.

The provisions of the final decree, *supra,* as to alimony and the home were approved by the court upon the consent of the parties. The decree was amended under date of March 16, 1928, requiring the monthly payment to be made to the Clerk of the Circuit Court of Dade County, Florida, and it does not materially affect the original decree. William P. Mooty subsequently or in February, 1926, executed a deed conveying the title to the home place of the parties to Daisy Moore Mooty according to the terms of the written agreement of the parties and the decree of the court dated January 22, 1926, confirming and ratifying the same.

There was a substantial compliance with each condition of the final decree until December 17, 1935, when Daisy Moore Mooty filed her petition in the Circuit Court of Dade County, Florida, for the issuance of a rule directed to William P. Mooty to show cause why he should not pay the sum of $527.50 then past due and unpaid under the terms of the final decree. The petition prayed for an increase of the monthly payments, because of the improved financial condition of William P. Mooty, and that the decree dated January 22, 1926, be set aside, because the original contract signed by the parties and filed with the Court with reference to the home place, had been changed in such a manner that it did not express and contain the true intention and will of the parties.

On January 30, 1936, William P. Mooty answered the rule to show cause and alleged that he was not in arrears for alimony in the sum of $527.00, but had made contributions exceeding the amount claimed to be due for the support and maintenance of the children under the terms of the final decree; that Lula Mae Mooty became 21 years of age in October, 1936, and for substantial reasons, a modi-

fication of said decree should be made by the Court. The answer is supported by Exhibits in the form of cancelled checks showing payments made to Daisy Moore Mooty and to their daughter, Lula Mae Mooty.

On February 20, 1936, William P. Mooty filed an answer and counterclaim to plaintiff's petition and had attached thereto a number of Exhibits. On March 4, 1936, the lower court sustained a motion to dismiss defendant's counter claim, when the court made and entered an order referring the said cause to Beatrice White, with directions to take all the testimony offered by the parties with convenient speed, and without authorization as to findings of fact or law. On December 15, 1936, Beatrice White filed with the Chancellor her written report containing all the evidence and Exhibits offered before her by the respective parties.

On February 23, 1937, the Court entered its final decree requiring William P. Mooty to pay into the registry of the Court: (a) $2200.00 for the purpose of discharging and paying off a mortgage then existing on complainant's home; (b) the sum of $777.50, the amount due as arrears for the support and maintenance of the children; (c) denied William P. Mooty the custody of their 13 year old son; (d) denied William P. Mooty's request for a modification of monthly payments of $125.00. An appeal was taken from the amended final decree dated February 23, 1937, and a reversal is sought in this Court on several assignments of error.

It is contended that the lower court erred in that portion of the final decree appealed from, requiring William P. Mooty to pay the sum of $752.50 for support and maintenance money in arrears until January 1, 1937, pursuant to the terms or provisions of the final decree dated January 22, 1926. It is admitted by the parties that appellant did

not pay to his former wife the amount of money decreed to be due, but had paid expenses, tuition, board, books, and other items incidental to the maintenance of his daughter, Lula Mae Mooty, as a student in Florida State College for Women, which amount was not only equal to the amount decreed to be in arrears, but was in excess thereof by a considerable sum, which is admitted by the parties, and the conclusion is fully supported by the record. The checks in the record in several instances were made payable to the Florida State College for Women and some were payable to his daughter, Lula Mae Mooty. While the daughter attended College the mother's household expenses were in a corresponding manner reduced when payment was made to the daughter by appellant. The original decree did not provide for, nor did the parties contemplate at the time of the entry of the decree, *supra,* the incidental expenses of a college education for either of the children named in the decree. The father, appreciating the advantages of a college training, made the necessary financial sacrifice and the daughter was kept in college. The record discloses a pride and interest in his daughter and this interest has manifested itself beyond the requirement of the terms and provisions of the decree in payment of money required thereby. If a credit of set-off is allowed by this Court of the money used by and for his daughter while in college as against the amount claimed as due or in arrears as named in the decree .for the support and maintenance of the children, there will be a substantial compliance with the original decree.

The lower court held that the appellee had a vested right in the said sum of $752.50 and the court was without authority in any manner to vary or modify it. This Court

had the same question before it in Duss v. Duss, 92 Fla. 1081, 111 So. 382, when it said:

"When considering this question it should always be borne in mind that there is a marked distinction between permanent alimony decreed upon a dissolution of the marriage relation, and an allowance *pendente lite* of temporary alimony. In respect to the latter the parties stand before the court in the continued relation to each other of husband and wife; but in respect to alimony allowed and to be paid after divorce from the bonds of matrimony, they stand before the court in such a status that the legal liability of the divorced husband to pay the permanent alimony is in the nature of an obligation or duty to a stranger. See: Craig v. Craig, 45 N. E. Rep. 153. Since, therefore, there is no absolute or vested right in the wife to receive or collect temporary alimony so long at least as the proceedings remain *in fieri* and the enforcement of the order allowing it remains subject to annulment or modification within the judicial discretion of the court that made the order, the chancellor did not exceed his authority in relieving the husband of payment of both accrued and future alimony *pendente lite,* nor upon the showing before us can we say that the chancellor clearly erred in the exercise of his discretion upon the facts before him."

It will be observed that the court in Duss v. Duss, *supra,* had before it the question of temporary alimony, when the appellee here was to receive these monthly payments for the support and maintenance of the two children, the wife having no personal interest in the monthly payment, except to use it for the purposes named in the decree. See State, *ex rel.* Frazier, v. Chillingworth, 103 Fla. 898, 138 So. 383; Frazier v. Frazier, 109 Fla. 164, 147 So. 464; Baker v. Baker, 94 Fla. 1001, 114 So. 661.

See Schouler on Marriage, Divorce and Separation, Vol. 2 (6th Ed.) pages 1993-1995, par. 1831, viz.:

"EVIDENCE OF CHANGE OF CONDITIONS. Modifications can only be ordered on proof of change of conditions, as the decree is final as to conditions existing at the time, and a slight change is not enough to warrant modification. The husband's financial inability or the wife's wealth may not be alone ground for modifying the award, but the whole question is in the absolute discretion of the Court. Alimony may be changed on grounds connected with the support of the children, or may be increased where it becomes inadequate, as where the wife becomes helpless and needs more than before. Alimony may be reduced where the husband's income is decreased, as where illness of the husband has caused him large expense and the wife needs less than before, or where the wife inherits property sufficient for her needs. A decree decreeing insurance may be modified by providing that it shall be the property of the wife, or, on the other hand, a decree of alimony may be changed or cut off altogether on evidence that the libelee has taken up an open life of shame. The courts will not permit vice to flaunt its banner unchallenged. The court may also change alimony into a permanent division of property between the parties."

In our effort to do substantial justice as between the parties we believe the lower court should have allowed the expenses of the daughter paid by the appellant while a student at college to be applied as against the item of $752.50 for support and maintenance of the children and for his failure or omission so to do this portion of the decree appealed from is reversed.

It is contended by appellant that the court below erred in failing to reduce the amount of the monthly payments of

$125.00 for the support and maintenance of the children because the daughter is 21 years of age and the amount is more than necessary to support a boy 13 or 14 years of age. We have given careful consideration to this contention and we are inclined to think and believe the chancellor below looked beyond the requirement of the common necessities to sustain life. He observed a young lady out of college, her home surroundings, the desire on her part for clothes and incidentals necessary to place her on an equal footing with other girls, the many expenses necessary for a young lady to attend places of amusement or entertainment, innumerable unforeseen items around a home appealing to a young lady and we feel no change in the amount should be permitted or allowed until the young lady has a position from which she can sustain herself. The boy, at his age, will have an additional expense for clothing, school expenses, summer trips, and possibly attendance on a camp or camps for boys as now established in different sections. We think this part of the decree of the chancellor below assigned as error should be affirmed.

The next assignment of error is that portion of the decree appealed from requiring the appellant to forthwith pay into the registry of the court the sum of $2,200.00 and costs to be used in paying and discharging a mortgage upon the home of the appellee. We have observed the argument in the brief of counsel for appellee and the citation of authorities to sustain this portion of the decree assigned as error, and it is regrettable that we cannot follow the logic presented. On January 22, 1926, the court had before it a written stipulation of the parties and paragraphs 2 and 3 thereof provide:

"2. It is understood and agreed that party of the second part will execute contemporaneously with the execution of

this paper a deed or instrument conveying to the party of the first part a complete estate to the property in which they are now living described as follows: together with the complete furnishings of the home located thereon, party of second part to remove and be privileged to remove his personal property outside of regular house furnishings: South fifty feet of Lots 1 and 2 in Block 30, South, of the City of Miami, Dade County, Florida."

"3. And that said property is accepted in complete settlement of any and all personal claims for alimony or support the unpaid balance upon said property, to-wit: the sum of Five Thousand Dollars, approximately, shall be paid by the party of the First part, said Mrs. W. P. Mooty, as the same shall mature."

The court in the final decree recognized the agreement, *supra,* when it said:

"It Is Further Ordered, Adjudged and Decreed that the Complainant be given the property now occupied by the Complainant as a home, known and described as: The South Fifty Feet (S. 50 ft.) of Lots One (1) and Two (2), Block Thirty (30) South, in the City of Miami, Dade County, Florida, according to plat thereof duly recorded among the Public Records of Dade County, Florida.

"It Is Further Ordered, Adjudged and Decreed that the parts of this decree with reference to alimony and the property matter is entered with the consent of the defendant."

The parties reached terms as to alimony and the same was reduced to writing and signed by the parties. The Court legally described the land that appellee was to accept as alimony and agreed to accept it incumbered with a mortgage. The deed conveying the property to her under date of February 1, 1926, contained the following provision: "as a part

of the consideration for this transfer the grantee assumes and agrees to pay the present encumbrance against said property in the form of a first mortgage in favor of N. M. Barney which is duly recorded among Public Records of Dade County, Florida, together with interest upon the same from the last interest payment date."

It appears that the parties by contract and their written agreement settled the question of alimony for the appellee forever and to such an extent that this Court, after eleven intervening years, in the absence of some showing of fraud, cannot hear the parties on this portion of the final decree assigned as error. We are convinced that the parties made a full and complete settlement as between themselves as to permanent alimony for the wife and she agreed to accept the home with the $5,000.00, mortgage upon it and she reduced the amount thereof by payments to the sum of $2,200.00. We can not agree to the principle that a decree for permanent alimony may be changed for good cause shown in the absence of fraud. See Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638; Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68. Schouler on Marriage, Divorce and Separation, Volume 2 (6th Ed.) pages 1990-91, par. 1828, viz.:

"COURT'S POWER TO MODIFY DECREE. The court may in its decree reserve the right to alter the payments as justice may require, or the court may by statute be given the right to alter the payments at any time, but except for reservation in the decree or express statutory authority the court has no power to alter its decree.

"Where the divorce is absolute, the alimony awarded is permanent, there are no minor children, there is no express reservation in the decree, and there is no statute conferring upon the court the authority to modify or alter its decrees in respect to alimony, the court has no authority to do so.

The decree is like other decrees, final and conclusive, and the court has no power to alter it, but possesses only the right to enforce obedience to it in accordance with the great weight of authority."

The portion of the decree requiring appellant to pay into the registry of the Court the sum of $2200.00 to be used in paying off and discharging a mortgage on appellee's home is reversed.

It is next contended that the lower court erred in denying appellant the custody of their 13 year old son, William George Mooty. We feel that the court below in the exercise of its sound discretion, has jurisdiction to make such order or decree as the welfare of the child should require and may require from time to time. We find that this assignment is without merit. The appellant under the law is authorized to make application to the court below for an order or decree awarding the custody of the child to him when the interest and welfare of the child require it.

This being a question to be decided or passed upon by the lower court when an application and full hearing is had, such an order or decree shall be made and entered as the exigencies of the case may require. In Baker v. Baker, 94 Fla. 1001, text 1006-7, 114 So. 661, this Court said:

"The holding of this Court in the Phinney case. (Phinney v. Phinney, 77 Fla. 850, 82 So. 357) is based on Section 3195, Revised General Statutes of Florida, which is as follows: 'In every decree of divorce in a suit by the wife, the Court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife.'

"We construe the statute to mean that under no circumstances shall alimony be granted to an adulterous wife, but in all other cases, where suit for divorce is by the wife, all orders touching alimony, suit money, maintenance or any allowance to her or security for the same, is, considering the nature of the case and the circumstances of the parties, vested in the discretion of the chancellor.

"In the case at bar the suit was brought by the husband, so Section 3195, Revised General Statutes of Florida, would have no application, but if it did the wife was adjudged a proper and suitable person to be and was, in fact, awarded the custody of the three minor children of complainant and defendant. She was therefore entitled to a reasonable allowance from the income of complainant to support and care for their children, and there is no claim here that the amount allowed is unreasonable or would work an undue hardship on complainant. If this situation should change in the future the amount allowed may be increased or diminished as in the judgment of the Chancellor the faculties of the parties may suggest. Carlton v. Carlton, 78 Fla. 252, 83 So. 87; Luthe v. Luthe, 12 Col. 421, 21 Pac., Rep. 476."

See State, *ex rel.* Frazier, v. Chillingworth, 103 Fla. 898, 138 So. 383; Harris v. Harris, 65 Fla. 50, 61 So. 122; McGill v. McGill, 19 Fla. 341.

The order or decree appealed from is affirmed in part and reversed in part.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.