R. T. CULPEPPER and RUBY CULPEPPER, his wife, v. DOROTHY OSTEEN, by ZACH H. DOUGLAS, her next best friend and attorney.

13 So. (2nd) 911                                              June Term, 1943
June 11, 1943                                                      En Banc

*Parks M. Carmichael,* for appellants.

*Zach H. Douglas,* for appellee.

BROWN, J.:

This is an appeal from a judgment of the Circuit Court in habeas corpus proceedings ordering that the custody of a little girl, two years and a few months old, be given back to the appellee, the child's natural mother, who by force of circumstances had left the child in the care and custody of the appellants for a period of some 14 months. They had given the child the best of attention and had developed a sincere affection for her.

The law governing this important class of cases is quite well settled by our previous decisions, many of which are cited in appellant's brief, and need not be repeated here. The decision of this case in the court below turned upon the weight and probative effect of the testimony taken before the circuit judge in person. No good purpose could be served by reviewing it here. There was a sharp conflict in the testimony on one of the vital issues involved, the determination of which depended upon the credibility of the testimony of the witnesses for and against the respective parties, including their demeanor when upon the witness stand and the manner in which they gave their testimony. The circuit judge was in a much better position to determine these matters than we are. The testimony having been taken before the circuit judge, his decisions on conflicting testimony should not be disturbed by this Court, where the record, as in this case,

contains sufficient testimony, which, if believed by him to be true, support his conclusions and judgment.

Counsel admit that the trial judge gave very careful consideration to this case. And well he might; and we have no doubt that he did do so. There is perhaps no other class of cases that give our courts such serious concern as those which deal with the awarding of the custody of children. While we have often said that the pole-star which should guide the courts in deciding such cases is the welfare and best interests of the child, we have also said that the claims of the natural parent or parents should not lightly be disregarded. When the claim of the natural parent to custody is opposed by the claim of those who are at the time in somewhat better financial condition to raise and educate the child than the natural parent, and all persons concerned love the child and are persons of good moral character, the trial judge has indeed a very delicate and difficult decision to make. It may be, and often is, the case that he should decide against those with the larger purse, for the best interests of the child do not rest alone upon a material basis, and the love and devotion of the real mother can often do more for the real best interests of a child than the best-intentioned efforts of those who not only have more of this world's goods but who also have come to have for the child a sincere affection.

The case has been ably and earnestly argued by counsel for both sides of this controversy, and the record has been read. Our conclusion is that—

The judgment below should be and is hereby affirmed.

CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J., and TERRELL, J. dissent.

BUFORD, C. J., dissenting:

After a careful consideration of the evidence in this case in the light of briefs and the argument of counsel, I am convinced that the appellee, Dorothy Osteen, is an unfit person to have custody and control of a girl child.

TERRELL, J., concurs.