55 So.2d 905 (1951)
WILLSON
v.
WILLSON.
Supreme Court of Florida, Special Division A.
December 4, 1951.
Rehearing Denied January 16, 1952.
Robert J. Fishkind, Tampa, for appellant.
Gregory & Gregory, Tampa, for appellee.
TERRELL, Justice.
In July, 1949, appellee brought suit against appellant in the Supreme Court of Ontario, Canada, to secure a divorce and custody of their minor child, Ronald John Willson. September 27, 1950, order was entered restraining appellant from removing Ronald John Willson from the Province of Ontario before completion of the trial. November 3, 1950, counsel for plaintiff and defendant being present, the said Court entered final judgment nisi, granting complainant a divorce and awarding the custody of Ronald John Willson to Jean Willson, mother of complainant. February 12, 1951, the latter judgment was decreed to be absolute.
Appellant left the jurisdiction of the Ontario Court and brought the minor child, Ronald John Willson to Tampa, Florida. January 4, 1951, appellant filed her bill for divorce and custody of said child in Hillsborough County. Answer and counterclaim were filed and a pretrial conference was held, at the conclusion of which the Circuit Court found (1) that the Supreme Court of Ontario, Canada, had jurisdiction of the parties and that the divorce decree granted to William Angus Willson was valid and entitled to recognition by the courts of Florida. (2) That the decree awarding custody of the minor child to Jean Willson was legal and binding and (3) that appellee has never seen or had the custody of said child since September 20, 1950, when appellant fled with it from Canada. On motion of appellees for summary final decree the Court held that the divorce decree of the Supreme Court of Ontario was valid and entitled to recognition by the Courts of Florida and ordered appellant to deliver custody of the minor child to its paternal grandmother, to whom it had been awarded. We are confronted with an appeal from this decree.
The point for determination is whether or not the Circuit Court of Hillsborough County committed error in giving effect *906 to the decree of the Supreme Court of Ontario, in so far as it effects the custody of Ronald John Willson.
In order for appellant to overcome the final decree of the Ontario Court she must allege and show that new facts or conditions have arisen or that old facts have been revealed that were not before and were not considered by the Supreme Court of Ontario and which would have produced a different decree if they had been before the Canadian Court. Such facts and circumstances must relate to the one to whom the custody of the child is granted. The bill of complaint contains no such allegations, and as to Jean Willson, to whom the custody of the child was granted, it is silent. The specifications for such a bill of complaint were thoroughly considered by this Court in Jones v. Jones, 156 Fla. 524, 23 So.2d 623 and Sayward v. Sayward, Fla., 43 So.2d 865. The bill in this case wholly fails to meet the test prescribed in these cases.
As to matters actually litigated this Court has repeatedly approved the doctrine that a valid decree of a foreign country will be recognized in this State. Herron et al. v. Passailaigue, 92 Fla. 818, 110 So. 539; Pawley v. Pawley, Fla., 46 So.2d 464. Appellant contends that the Canadian decree was illegal for various and sundry reasons, one of which is that she was not present when it was entered and that no evidence was taken to support it.
The record does not support either of these contentions. It shows to the contrary that the reason for her absence was of her own choosing. She was personally served with process and filed her answer and counter claim in the Canadian Court. She was represented by counsel and did not leave the jurisdiction of the court for more than a year after the suit was filed. The record also shows that more than two days were used in the trial of the case in the Canadian Court, during which the pertinent facts about the character and reputation of appellant were brought out. At the pretrial conference, counsel for appellees and appellant approved the form of the decree.
When the welfare of a minor child so requires, the courts will not hesitate to assume jurisdiction and adjudicate its custody as the circumstances demand. We find nothing in the bill of complaint that would authorize the courts of this State to change custody of Ronald John Willson. Under the facts shown the court below was authorized to give faith and credit to the Canadian decree. Other points raised have been considered but we find no reason to reverse the chancellor. His decree is therefore affirmed.
Affirmed.
SEBRING, C.J., and CHAPMAN and THOMAS, JJ., concur.