THORNAL, Justice.
The appellants, who were petitioners below in an adoption proceeding, seek reversal of a final order of the Chancellor with reference to the custody of the minors involved in the adoption matter.
This is the second appearance of this matter in this court. The factual back *587 ground as well as the original order of the Chancellor are discussed in detail in our opinion when the case was here before. See Torres v. Van Eepoel, Fla.1957, 98 So.2d 735. Upon the filing of the mandate following our first opinion the appellee Annice A. Justice applied to the Chancellor for an order on the mandate which she contended required that the custody of the minors involved be immediately delivered to her. At the same time the appellants Van Eepoel requested the Chancellor to hear further testimony on the matter of custody taking into consideration the status of the parties and the over-all welfare of the children. As an alternative the appellants reminded the Chancellor that they had been awarded the temporary custody of the children by order of the Juvenile Court and that if the Chancellor refused to dispose of the matter of custody that he, at least, return the children to the jurisdiction of the Juvenile Judge.
The Chancellor expressed a willingness to hear further testimony on the subject but construed our mandate in our first opinion as precluding him from hearing any further testimony and as requiring him to deliver immediate custody of the children to their natural mother. Reference to our first opinion will reveal that we there held on the basis of the findings of the Chancellor that the record failed to justify a decree of adoption permanently eliminating the legal rights of the mother with reference to the children. The cause was remanded to the Chancellor for further proceedings consistent with the opinion. In our original opinion we did not undertake to dispose of the matter of the proper custody of the minors. When this problem was considered by the Chancellor he apparently felt that our opinion in the former appeal absolutely precluded him from giving any further consideration to the matter of proper custody of the children and for that reason alone declined to hear testimony on the subject. Apparently in an effort to bring the point sharply into focus, the Chancellor entered an order declining to hear further testimony and awarded custody to the appellee. He then immediately permitted the appellants to supersede the order in order to enable them to retain the custody of the children pending this appeal.
We think that in some measure the Chancellor misunderstood our former opinion. We there held that the decree of adoption would have to be reversed. The cause was then returned to the Chancellor who consistent with our former opinion would have the authority to make a thorough investigation on the basis of appropriate evidence in order to determine whether the welfare of the children required that their custody be restored to the appellee or whether in the light of all of the evidence and taking into consideration the legal rights of the appellee the welfare of the children requires that their present custody remain with the appellants. Section 72.28, Florida Statutes, F.S.A., provides:
“Whenever the minor is in the custody of the person or persons petitioning for its adoption the court, upon denial of the petition may in its discretion remove the child from the custody of the petitioners and make such other orders for its custody as may be to the best interest of the child.”
We think this statute contemplates that even though an adoption decree is properly denied there still remains with the Chancellor the power to determine the question of custody taking into consideration the legal rights of the natural parents as well as the equitable aspects which govern the welfare of the minor involved. In similar situations we have held this to be the rule. See Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208, and Bourn v. Hinsey, 134 Fla. 404, 183 So. 614. In view of these decisions, as well as the statute above cited, we think that the Chancellor misconstrued the full import of our former decision and mandate to the extent that he does have the pow *588 er to consider evidence and arrive at a proper decision as to the future custody of the children involved taking into consideration the legal rights of the appellee and the over-all welfare and best interests of the children in the light of the evidence produced before him.
Inasmuch as this matter has been pending for a considerable period of time, both in the trial and appellate courts, we think that any further hearings should be disposed of at a relatively early date within the discretion of the trial judge.
For the reasons stated, the decree under assault is reversed and the cause is remanded for further proceedings consistent herewith.
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS and O’CONNELL, JJ., concur.