THORNAL, Justice.
By her petition filed incidental to a pending appeal, appellant Annice A. Justice requests us to enter an order directing tile Chancellor to take certain action regarding the custody of appellant’s two minor children.
In order to dispose of the matter we must decide whether the Chancellor has lost jurisdiction to enforce the pertinent provision of the decree from which this appeal was effected.
The long and disturbing history of this tragic litigation is reflected by our prior opinions. Torres v. Van Eepoel, Fla., 98 So.2d 735; Van Eepoel v. Justice, Fla., 104 So.2d 586.
Upon the filing of our mandate in the case last cited, the Chancellor proceeded to hear evidence to guide him in deciding the proper custody of the two minor children who are the subject of this trying litigation. On February 3, 1959, the Chancellor *546 entered a decree by which he ordered that within three days after June 5, 1959 (the end of the then current school year), the appellees Van Eepoel should deliver the children at their home to the appellant An-nice Justice. The decree provided that Mrs. Justice, the natural mother of the children, could take them to New Orleans, La., for the summer vacation months, but that she should return them to Tampa, Florida, not less than five days before the beginning of the fall school term on August 27, 1959. Mrs. Justice was directed to produce the children before the court at such time in order that the Chancellor might determine the future custody of the children as would then be dictated by their best interests, and in a measure by the wishes and desires of the children themselves.
On April 3, 1959, Mrs. Justice filed her notice of appeal from the last summarized decree. This appeal is still pending.
On June 6, 1959, pursuant to arrangement of counsel, Mrs. Justice presented herself at the home of the Van Eepoels in order to take custody of the children. The children announced to her in effect that they would not go with her. She thereupon applied to the Chancellor for a writ of assistance. The Chancellor concluded that inasmuch as Mrs. Justice had filed her notice of appeal in this court he was thereby completely deprived of all jurisdiction to enforce the decree. He stated in his order that he stood ready to enforce such provisions of the decree “as may be directed or ordered by the Supreme Court.”
By the current petition, filed as an incident to her pending appeal, the appellant now requests us to enter an order by which we would specifically effectuate the temporary custody provision of the decree or in the alternative direct the Chancellor so to do.
The appellant contends that this Court has the power to enter an order specifically directing the transfer of the custody of the children to her for the period of the summer months as stipulated in the decree. Alternatively appellant contends that the temporary custody provision of the decree was an incident thereto and bestowed upon her a right which she should enjoy pending this appeal.
Appellees contend that when the notice of appeal was lodged here total jurisdiction of the cause was transferred to this Court and that the Chancellor correctly concluded that he had no jurisdiction to enforce the decree.
At the outset, our attention is attracted to the proposition that we are here confronted with a decree involving the proper temporary custody of two minors. We cannot overlook the fact that by the decree the Chancellor did not finally discharge himself of all future responsibility incident to the litigation. Although not stipulated by specific language, the ultimate effect of the decree simply was that the Chancellor made arrangements for temporary transfer of custody but retained jurisdiction to dispose of the ultimate problem of permanent custody in the late summer prior to the fall school term.
It is important also that we recall that the decree was not superseded. See State ex rel. Frazier v. Chillingworth, 103 Fla. 898, 138 So. 383.
The effect of the appeal from the final decree was to convey jurisdiction to this Court to make appropriate disposition of the matter upon the perfecting of the appeal. In the meantime, however, in the absence of a supersedeas bond or order, the Chancellor is not deprived of the power to enforce the decree. Any orders which he might make in the enforcement of the un-superseded decree would, of course, remain ultimately subject to the final decision of this Court in the premises. Any rights or privileges asserted or obtained by the parties as a result of any such order by the Chancellor would obviously remain subject *547 and subordinate to the ultimate disposition of the cause by this Court. Willey v. Hoggson Corp., 89 Fla. 446, 105 So. 126.
In a proceeding somewhat analogous to the case at bar, we have held that the posting of a supersedeas bond in order to forestall the enforcement of a decree is a privilege to be asserted by the party who seeks to obtain a reversal of the decree or suspend its enforcement pending appeal. If such a party decides to request review without posting a bond, he may do so. Linder these conditions, however, the lower court is not deprived of the power to enforce such a decree as it was entered merely because of the filing of a notice of appeal.
So it is m the instant case the appellant seeks review of the decree of the Chancellor without benefit of supersedeas. We are not here called upon to determine whether the decree is final or interlocutory. Inasmuch as the matter now under consideration is an aspect of the un-superseded decree which remains within the Chancellor’s power to enforce, it would be inappropriate for this Court to undertake to enforce it ex priprio vigore. By the same token, inasmuch as there remains implicit in the decree under assault the power of the Chancellor to exercise continuing supervisory jurisdiction over the parties and the subject matter of the cause, to wit: The custody of the two children, it would not be appropriate for this Court to undertake to direct the Chancellor in the entry of any specific order. Suffice it to remind in passing that any orders entered by the Chancellor in regard to the subject matter remain subject to review by this Court.
We continue to take jurisdiction of this cause because of its prior appearance here and in view of our ruling in Armenian Hotel Owners, Inc. v. Kulhanjian, Fla.1959, 96 So.2d 896.
For the reasons hereinabove stated, the prayer of the petition is denied but without prejudice to the rights of the appellant-petitioner to renew her application before the Chancellor for appropriate disposition in accordance with the views herein expressed.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and ROBERTS, JJL concur.