THORNAL, Justice.
For prior appearances of this matter in this Court see Torres v. Van Eepoel, 98 So.2d 735, Van Eepoel v. Justice, 104 So.2d 586, and Justice v. Van Eepoel, 113 So.2d 545.
On February 3, 1959, the Chancellor entered a decree which we are now requested to review. By this decree the Chancellor in effect directed the two minors involved to spend approximately two months of the summer of 1959 with their mother, Mrs. Justice, at her home in New Orleans. The children were thereafter to be returned before the Court the latter part of August 1959, after which the Court would determine the matter of future custody of the children on the basis of their welfare while taking into consideration the rights of the ■mother and to the extent proper, the wishes of the children themselves. -On April 3, 1959, this appeal was instituted. Subsequently, on July 28, 1959, the last decree was amended by the Chancellor who then directed that the children be returned to the home of appellees instead of before the Court on August 22, 1959, and that after September, 1959, the Court “upon application of any of the parties herein, shall conduct a further hearing in this cause and receive such further evidence as any of the parties may hereto adduce touching the further and subsequent custody of said minor children * * * and the Court will thereupon make such proper order or decree as in the opinion of the Court shall seem advisable or appropriate.” The only significant change was that on August 22, 1959, the children be delivered to the Van Eepoels instead of being presented directly to the Court.
By our opinion appearing at 113 So.2d 545, we declined to disturb the decree of February 3, 1959, when appellant Mrs. Jus- ' tice requested a directive to the Chancellor to order immediate transfer of temporary custody of the children to her. By our last opinion we construed the decree of February 3, 1959, as one providing for temporary custody with a reservation of jurisdiction to determine ultimate custody upon a subsequent showing on application by either party. Actually, the only matter now before us is the decree of February 3, 1959.
We are confronted by a decree which still does not make final disposition of this matter as directed by the mandate of our opinion appearing at 104 So.2d 586. We at that time remanded the cause for an early determination of the future custody of these minors in the light of their overall welfare and best interests on the basis of the evidence presented and taking into consideration the legal rights of the appellant mother.
Although there has been a great deal of sparring and maneuvering no such decree • has yet been entered so far as we are informed. At the same time by the decree dated February 3, 1959, the Chancellor made a temporary disposition of the matter, subject to application of either party for a further hearing. As to whether any such *657 further hearing has been applied for or held is not reflected by the record now here.
There is nothing which this Court can add to the law of this case which has not been mentioned in prior opinions. At the same time we cannot make final disposition of the matter for the obvious reason that it is still pending before the Chancellor awaiting, so far as this record informs us, application by the parties and the tender of any further evidence as authorized by the Chancellor’s last decree as amended. Until the trial court finally passes on the matter of permanent custody of these children in the light of the guiding principles which we have several times announced, there is is no final order for this Court to review. If they have not already done so the parties themselves, or either of them can expedite the entry of such an order by appropriate application to the Chancellor as authorized by his decree.
The Chancellor has retained jurisdiction to enter an appropriate order. Appellant is authorized to apply for the entry of such an order. She has had this privilege since September 1959. So have ap-pellees. At any future custody hearing the Chancellor is authorized to consider all evidence heretofore offered or hereafter tendered on the subject of the proper custody of these minors. It is to be earnestly hoped that such hearing shall be forthcoming at an early date and that the next hearing can bring finality to this troublesome matter.
In view of our interpretation of the decree under review and the obvious absence of final disposition of the matter by the Chancellor, the decree of February 3, 1959, is affirmed subject to the rights of either party to make the application and showing authorized by the decree.
It is so ordered.
THOMAS, C. J., and TERRELL, ROBERTS and O’CONNELL, JJ., concur.