THORNAL, Justice.
We are confronted by a final decree settling the matter of the custody of two minor children which has been in litigation for a number of years and which has made several appearances in this Court. Torres v. Van Eepoel, Fla., 98 So.2d 735; Van Eepoel v. Justice, Fla., 104 So.2d 586 and Justice v. Van Eepoel, Fla., 113 So.2d 545, 121 So.2d 655.
Pursuant to the mandate of our opinion last cited, the chancellor proceeded to hear further testimony on the subject of the proper disposition of the difficult problem of settling the custody of two minor children. That mandate was filed June 29, 1960. After hearing further testimony, and properly taking into consideration the entire record, the chancellor concluded that the permanent care, custody and control of the two minor children of the appellant Annice Justice, should be granted to appellees Edward F. Van Eepoel and wife. The children have resided with the latter during the pendency of this litigation, except for a. relatively short period of five weeks during the summer of 1959, when they visited their mother Mrs. Justice in New Orleans. The chancellor has heard all of the testimony,, which together with the pleadings has produced a record of some nine folios. With: the exception of certain witnesses who testified by deposition, he personally saw and heard each of the witnesses. He has interviewed the minor children privately and from the witness stand on several occasions. His decree reveals that the children have been well provided for and that they have developed in a satisfactory manner educationally, intellectually and emotionally. When the chancellor entered the decree now being reviewed on August 15, 1960, the two. children were thirteen and fifteen years of age. Their testimony, which we have carefully analyzed, is absolutely unequivocal in. the expression of their desire to continue living with their aunt and uncle, the ap-pellees, and equally clear in their antagonism toward their mother. We deem it unnecessary to delineate the rather severe and adversely critical expressions of these children with reference to their natural parent. It may be interpolated that this attitude has been consistent from the beginning of this-litigation. The chancellor reserved to the appellant the right to visit the minor children at reasonable times and under reasonable circumstances and, likewise, provided that the children should have the privilege of visiting their mother during school vacation periods. Notice of appeal to review the decision of August 15, 1960, was filed on October 11, 1960.
We are finally presented with a¿ decree which disposes of this troublesome matter. Whether on our review of the cold record we would have arrived at the same judgment reached by the able and long experienced chancellor is not a point now to be settled. Grant v. Corbitt, Fla., 95 So.2d 25. Our examination of the latest record, coupled with our acquaintance with this litiga *409 tion over the years and our contact with the record as it has accumulated, leads us to conclude that the chancellor has not abused the sound judicial discretion which it was his to exercise in the first instance in a case of this nature. Reynolds v. Alderman, 72 Fla. 39, 72 So. 369; State ex rel. Weaver v. Hamans, 118 Fla. 230, 159 So. 31; Martens v. State, Fla.App., 100 So.2d 440. Our own personal reactions at the appellate level are not the standards by which our judgment must be guided. The rule is that unless we can conclude from our study of the record that the chancellor has acted arbitrarily or has in any fashion abused his discretion in making provision for the custody •of minor children, we are bound by the presumed correctness of his judgment. A careful study of this record compells us to conclude that the judgment of the chancellor was reached after a thorough consideration of the rights of all parties when measured by the controlling element, which is the welfare of the minor children. Culpepper v. Osteen, 153 Fla. 161, 13 So.2d 911; Smith v. Smith, 160 Fla. 870, 36 So.2d 920; Cone v. Cone, Fla., 62 So.2d 907; State ex rel. Murray v. Reeves, Fla., 97 So.2d 18.
We have said in this case and in others that the rights of parents are not lightly to be regarded when the custody of their minor children is involved. Culpepper v. Osteen, supra; Robertson v. Bass, 52 Fla. 420, 42 So. 243.
However, in addition to the parental right, a chancellor must take into consideration the natural ties and affections formed by children out of their past relationships, the character of the adults involved, the age, health, sex and moral surroundings of the children, the benefits of education and development, as well as pecuniary prospects and the general overall welfare of the minors. Marshall v. Reams, 32 Fla. 499, 14 So. 95, 37 Am.St.Rep. 118; State ex rel. Bonsack v. Campbell, 134 Fla. 809, 184 So. 332. In the instant case it can be said that, although the appellant lost control of her children because of the manner in which she conducted herself, she has in recent years apparently achieved a position which would enable her to offer the children many of the same advantages that are being provided by the appellees. The unfortunate fact remains, however, that when the children were originally removed from her control, it was under conditions which fully justified the action of the authorities. The attitude and condition of the children now suggest, not only to the chancellor but also to the psychiatrists and other witnesses who testified, that it would endanger their future well-being and reflect adversely on their emotional stability and physical development, to remove them to a different environment or to transplant them to another family circle.
Under all of the circumstances obtaining in this case, we think the chancellor did not place too great an emphasis upon the attitudes of the children themselves. Eades v. Dorio, Fla.App., 113 So.2d 232; Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208; Eddy v. Staufer, 160 Fla. 944, 37 So.2d 417. He noted that they were mature and intelligent. He commented that the boy, the older of the two, was, in his judgment, much above the average in intellectual development and in understanding of the problems involved in this litigation. While an effort was made to prove the contrary, the record certainly leaves little doubt that the children themselves prefer the conclusion reached by the chancellor.
In view of the limitations on the scope of review available to us in a matter of this kind, there is no alternative to affirming the final decree.
It is so ordered.
ROBERTS, C. J., and THOMAS and O’CONNELL, JJ., concur.
TERRELL, J., dissents.