HORTON, Judge.
Appellants seek review of a final decree rendered on bill and answer dismissing their petition for adoption and a subsequent order awarding custody of the minor children to the natural father. Appellants are the maternal grandparents of the three minor children involved in this action. The natural parents were divorced on January 10, 1958, the final decree awarding custody to the natural mother who, with the children, resided for some time with the appellants. When she moved from their residence, she permitted and agreed that the children should remain with appellants.
The petition for adoption was filed on May 10, 1960. Both natural parents formally objected to the adoption. Three “final hearing sessions” were held in the period of June and July, 1960. During this period, the court requested a report and recommendations from the State Welfare Board regarding these proceedings and such report was filed on October 10, 1960, with the recommendation that the petition be dismissed. From the date of the filing of this report, appellants did not request a hearing before the court, and on February 23, 1961, on motion of the natural parents, the chancellor entered the decree appealed on the apparent ground that the time had expired under Rule 3.13, Florida Rules of Civil Procedure, 31 F.S.A., for the taking of further testimony with no request having been made for a final hearing.
The determinative question here is whether the chancellor erred in entering the final decree without having held a hearing subsequent to the filing of the report and recommendations of the State Welfare Board. We hold that he did.
An adoption proceeding is purely statutory and its validity, as well as the efficacy of any decree pursuant thereto, is dependent upon substantial compliance with the statutory requirements. See 1 Fla.Jur., Adoption, §§ 2, 7-21, and cases cited therein.
The Florida Rules of Civil Procedure provide that the form, content, procedure and time for pleading in all special statutory proceedings are those prescribed by the statute unless the rules specifically provide to the contrary. Rule A. The Florida Statutes set out in detail the procedure which must be followed in adoption cases, §§ 72.07, et seq., Fla.Stat., F.S.A. providing generally (§ 72.21, Fla.Stat., F.S.A.):
“All proceedings herein shall be as in chancery and shall be governed by the same rules as other chancery causes, except as may be herein expressly changed and modified." [Emphasis supplied.]
and specifically (§ 72.18, Fla.Stat., F.S.A.) that:
“ * * * hearings on adoptions when a natural parent has filed formal opposition to the adoption with the court and hearings on adoptions where the state welfare board is recommending dismissal, may be held at any time after receipt of the state welfare board’s recommendation." [Emphasis supplied.]
*875 In the instant case, both natural parents filed formal opposition to the adoption and the State Welfare Board recommended dismissal, but the only hearing was held prior to the filing of the Welfare Board’s report and recommendation, and the final decree was entered on hill and answer.
Although on the basis of the record now before us we might be inclined to agree with the able chancellor that the petition for adoption should be denied or dismissed, we must reverse the decree for lack of substantial compliance with the statutory requirements for adoptions.
Inasmuch as the decree rendered on the petition for adoption must be reversed, it would follow that the order on custody should likewise be reversed so that the chancellor, when he reconsiders the petition for adoption in the light of the Welfare Board’s recommendations and such testimony as may be adduced before him, can make such order on custody as he may be advised. Cf. Van Eepoel v. Justice, Fla.1958, 104 So.2d 586.
Accordingly, the decrees appealed are reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.