REED, Judge.
This is an appeal from a final judgment of the Circuit Court for Palm Beach County discharging a writ of habeas corpus. The petitioner in the trial court is the appellant here. Her former husband was the respondent below and appellee here. The petitioner brought the proceeding to modify a custody award which was made by a final decree of divorce entered on 4 October 1966 in Tennessee. The Tennessee court at the time of the divorce decree had in personam jurisdiction over the petitioner and the respondent. The Tennessee decree awarded custody of the petitioner’s children to their father, the respondent, with visitation rights to the petitioner, but with the limitation that the children could not visit the mother outside the State of Tennessee. The children, now ages 16, 15, 12 and 9, reside with their father in Tennessee. The twelve year old is a girl, but the others are boys.
*29 At the evidentiary hearing the petitioner and the respondent were present, represented by counsel, and testified before the trial judge. With the parties’ consent, the trial judge questioned the children outside the presence of the parties and their attorneys. After the hearing, the trial judge found in substance that the children’s welfare would be best served by allowing the children to remain in the custody of the respondent subject to the provisions of the Tennessee decree.
In order to justify a modification of the custodial arrangement established by the Tennessee decree, it was encumbent upon the petitioner to demonstrate by competent substantial evidence that there had been a material change in conditions since the decree, or that there were material facts bearing on the question of custody that were unknown to the Tennessee court at the time it entered the decree. Upon such a showing, a modification of the prior custody award is authorized only if a modification would be in the best interests of the children. Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464; Frye v. Frye, Fla.App. 1967, 205 So.2d 310; Lambertson v. Williams, Fla. 1952, 61 So.2d 478; Willson v. Willson, Fla.1951, 55 So.2d 905; and Carrier v. Vermeulen, Fla.App.1959, 114 So.2d 192.
 The testimony in the present case shows that after the Tennessee divorce, the petitioner remarried and moved to Palm Beach County where she has established her residence and owns a home. In this regard, the petitioner’s circumstances may have improved since the divorce. The record, however, in our opinion, does not demonstrate that the circumstances of the respondent, the custodial parent, have materially changed since the entry of the Tennessee decree or that any of the circumstances surrounding the present custody arrangement are detrimental to the welfare of the children. In the absence of such a showing, this court has no basis to disturb the judgment of the trial court. Willson v. Willson, Fla.1951, 55 So.2d 905; Carrier v. Vermeulen, Fla.App.1959, 114 So.2d 192; and Ritsi v. Ritsi, Fla.App.1964, 160 So.2d 159. In adjudicating issues relating to the welfare of minors, the trial judge necessarily has a broad discretion, Johns v. Johns, Fla.App.1959, 108 So.2d 784. His determination should not be disturbed on appeal unless he has acted arbitrarily or misconceived a controlling principle of law. Justice v. Van Eepoel, Fla.1961, 132 So.2d 407 and Foster v. Sharpe, Fla.App.1959, 114 So.2d 373. Such does not appear from the present record; therefore, the judgment appealed from is affirmed.
Affirmed.
WALDEN, C. J., and McCAIN, J., concur.