PER CURIAM.
In this child custody case, the issue before the trial judge was whether he should modify a final judgment of divorce for the purpose of changing the custody of three minor children (ages 11, 11, and 6) from the paternal grandparents to the natural mother. The mother sought such modification in the final judgment.
We recognize that in a case of this nature the trial court has broad discretion and, conversely, the scope of appellate review is limited. Brownlow v. Earthman, Fla.App.1969, 220 So.2d 28. We, however, conclude that the trial judge, in reaching his decision not to modify the *847 original custody order, failed to give sufficient weight to the evidence, which indicated a considerable change in the circumstances surrounding the natural mother since the time of the original custody order, and to her claim as a natural parent. Without delineating the evidence, we think the trial court abused its discretion in not taking a chance on the mother in view of the changes which have entered her life since the original custody order. If in the future she should neglect her duties as custodian of the children, a remedy is still available through the courts.
The order appealed from is reversed and the trial court is directed on remand to modify the final judgment of divorce to award custody of the children to the natural mother, the appellant, and to make such other provisions as the trial court may be advised dealing with rights of visitation by the natural father.
Reversed and remanded.
REED, C. J., and WALDEN and OWEN, JJ-, concur.